## ELWOOD *v.* FLANNIGAN.

1. The United States agreed to grant to the chief of an Indian tribe two sections of land to be thereafter selected, and to convey them by patent. After they had been selected, he aliened them by deed, in fee, with covenants of warranty. The patent was issued after his death. *Held,* that the title to the sections inured to and was vested in his alienee.

2. The courts of the United States take judicial notice of the public statutes of the several States.

3. On proof of the loss of a deed executed and acknowledged in Michigan, in conformity to the laws of that State, and recorded in the county in Illinois, where the granted lands are situate, a duly certified copy of the record, with the requisite certificate of such conformity thereto annexed, is by the statute of Illinois admissible in evidence.

4. The certificate of acknowledgment (*infra,* p. 564) conforms to the laws of Michigan in force on the day of its date.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Walter B. Scates* for the plaintiff in error.

*Mr. Thomas Hoyne, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was an action of ejectment to recover the possession of

fractional section 7, T. 37 N., R. 15 E., in Cook County, Illinois. By the third article of the treaty with the Potowatomies of the State of Indiana and Michigan Territory, made on the 27th of October, 1832 (7 Stat. 399), the United States agreed to grant and to convey by patent to Ash-kum, one of the chiefs, and a reservee under the treaty, two sections of land to "be selected, under the direction of the President of the United States, after the lands shall have been surveyed." Under this provision the lands now in dispute were selected. The selection was approved by the President on the 29th of March, 1837. Ash-kum died intestate in 1846. On the 3d of November, 1864, after his death, a patent was issued, conveying the lands "unto . . . Ash-kum, and to his heirs and assigns forever." Both parties claim under this patent: the plaintiff in error, who was also plaintiff below, by deed from the heirs of Ash-kum; and the defendant by deed with covenants of warranty from Ash-kum himself, while in life, "to Louis De Salle, of the township of Niles, in Berrien County, Michigan Territory," bearing date Oct. 24, 1835.

All the objections to the defendant's title, insisted on in the argument, except those relating to the proof of the deed of Ash-kum, and to the refusal of the court to charge as requested by the plaintiff upon the assumption of fraud in its procurement, are, as we think, disposed of by *Doe* v. *Wilson,* 23 How. 457, and *Crews* v. *Burcham,* 1 Black, 352. Similar reservations and grants under the same treaty were there involved, and it was held that, when such a patent issued, the title to the lands vested in those holding under any deed the patentee might have previously made.

The principal controversy is as to the evidence admitted to prove the deed. After proof of the loss of the original, a certified copy from the records of Cook County was offered in evidence. The record was made on the 31st of May, 1836, and the copy showed a deed purporting to convey the land, signed by Ash-kum with his mark, sealed, and attested by two witnesses. The certificate of acknowledgment is as follows : —

" TERRITORY OF MICHIGAN, ⎰
    BERRIEN COUNTY. ⎰ *ss.*

" Be it remembered, that on the twenty-fourth day of October, anno Domini 1835, before me, Titus B. Willard, Esquire, one of the justices of the peace for said county of Berrien, came the above-named Ash-kum, an Indian chief, and acknowledged the above-written indenture by him subscribed to be his free act and deed, and desired that the same might be recorded as such according to law.

" In testimony whereof, I have hereunto set my hand and seal the day and year above written.

" TITUS B. WILLARD, [L. S.]
" *Justice of the Peace.*

No certificate of any kind as to the official character of Willard was added to the deed before it was recorded. Neither was there before the record any certificate of any clerk of a court of record of Michigan, under the seal of his court, to the effect that the deed had been executed and acknowledged in conformity with the laws of that State. There was, however, annexed to the copy of the deed from the record the following certificate :—

" OFFICE OF COUNTY CLERK, BERRIEN CO., MICH.,
BERRIEN SPRINGS, .          187 .

" EDWIN D. COOKE, *Clerk.*

" STATE OF MICHIGAN, ⎰
    BERRIEN COUNTY. ⎰ *ss.*

" I, Edwin D. Cooke, clerk of said county, and of the Circuit Court therein, the same being a court of record and having a seal, do hereby certify that the certificate of acknowledgment by Ash-kum, an Indian chief, taken before Titus B. Willard, a justice of the peace in and for said county of Berrien, on the twenty-fourth day of October, A. D. 1835, as appears on the certified copy of the deed hereto annexed, was executed according to and in conformity with the laws of the Territory of Michigan, as they existed at the time of taking such acknowledgment; and I further certify that, as appears by the records of and in the office of the register of deeds of said county of Berrien, that the said Titus B. Willard was, at the time of taking such acknowledgment, an acting justice of the peace in and for said county of Berrien.

" In testimony whereof, I have hereunto set my hand and affixed

the seal of said Circuit Court, at Berrien Springs, this second day of January, A. D. 1878.

"EDWIN D. COOKE, *Clerk.*"

{ SEAL OF THE CIRCUIT COURT OF }
{     BERRIEN COUNTY, MICH.    }

In this connection the defendant proved by parol that Willard was an acting justice of the peace of Berrien County at the date of the certificate of acknowledgment; and they also put in evidence a certificate of the Secretary of State of Michigan, of which the following is a copy: —

"STATE OF MICHIGAN,
OFFICE OF THE SECRETARY OF STATE, *ss.*

"I, E. G. D. Holden, Secretary of State of the State of Michigan, do hereby certify that Titus B. Willard was, on the seventh day of March, one thousand eight hundred and thirty-four, duly appointed justice of the peace for the county of Berrien, as appears from the records in this office; and that the term of office fixed by law at the time of his appointment was three years.

"In testimony whereof, I have hereunto set my hand and affixed the great seal of the State of Michigan, at Lansing, this twenty-fourth day of December, in the year of our Lord one thousand eight hundred and seventy-seven.

"E. G. D. HOLDEN,

{ THE GREAT SEAL OF THE }     "*Secretary of State.*
{   STATE OF MICHIGAN.   }     "By WM. CROSBY,

"*Deputy.*"

The defendant also put in evidence a statute of Michigan "concerning deeds and conveyances," in force at the date of the deed. Laws of Mich. 1833, p. 279. It provided that deeds of lands in that Territory, signed and sealed by the parties granting the same, and signed by two or more witnesses, and acknowledged by the parties, should be good and valid to pass title. The acknowledgment required might be made before, among other officers, a justice of the peace in any county in the Territory, and a certificate of the acknowledgment being indorsed on the deed, "and signed by the person before whom the same was taken," the deed was entitled to be recorded.

To the admission of this evidence the plaintiff in due time objected, and his objections having been overruled, exceptions

were taken and made part of the record. The assignments of error relate principally to these exceptions.

By the statutes of Illinois in force when the deed in question was executed, a deed signed and sealed by the party making the same was sufficient for the conveyance of any lands in that State. Rev. Laws 1833, p. 129, sect. 1. To entitle such a deed to record, however, an acknowledgment was required before one of certain designated officers, among which were justices of the peace. If the justice resided out of the State, it was required that there be added to the deed a certificate of the proper clerk, " setting forth that the person before whom such . . . acknowledgment was made was a justice of the peace at the time of making the same." Id., p. 138, sect. 1. Further statutes provide that whenever a deed entitled to be recorded is lost, a certified copy from the record may be used in evidence with the same effect as the original. Rev. Stat. 1845, p. 103, sect. 25 ; id. 1874, p. 279, sect. 36.

By the Revised Statutes of Illinois adopted in 1845 (Rev. Stat. 1845, p. 105, c. 24, sect. 16), it was enacted that a deed made out of the State and within the United States should be entitled to record when executed and acknowledged or proved in conformity with the laws of the State, Territory, or district where made, " provided, that any clerk of a court of record, within such State, Territory, or district, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged or proved in conformity with the laws of such State, Territory, or district." Then, in 1851, it was further enacted (Scate's Stat. 972, sect. 5 ; Sess. Laws, Feb. 15, 1871, p. 122) " that a certified copy of any deed, . . . affecting any real estate situate within this State which has been acknowledged without this State, in conformity with the laws of the State where such deed . . . was acknowledged, and which has been recorded in the proper county in this State, shall be evidence in all courts and places : *Provided*, the party offering such certified copy in evidence will exhibit with the same a certificate of conformity, as provided for in the sixteenth section of chapter 24 of the Revised Statutes, notwithstanding said certificate of conformity has never been recorded." And again, in 1874 (Rev. Stat. 1874, p. 276, c. 30, sect. 20), " An

acknowledgment or proof may be made in conformity with the laws of the State, Territory, or district where it is made: *Provided*, that if any clerk of a court of record, within such State, Territory, or district, shall, under his hand and the seal of such court, certify that such deed or instrument is executed and acknowledged or proved in conformity with the law of such State, Territory, or district, or it shall so appear by the laws of such State, Territory, or district, duly proved and certified copies of the record of such deed, mortgage, or other instrument relating to real estate, heretofore or hereafter made and recorded in the proper county, may be read in evidence, as in other cases of certified copies, upon such a certificate of conformity to the laws of the State, Territory, or district where such deeds, mortgages, or other instruments were made and acknowledged, being exhibited therewith or annexed thereto."

Such being the laws of the two States applicable to the facts of this case, we proceed to the consideration of the specific objections to the evidence. These may be stated generally, as follows: 1. That the deed was not entitled to record in Illinois because it was not accompanied by a certificate of the proper clerk that the person before whom the acknowledgment was made was a justice of the peace; and, 2. That the deed was not executed in conformity with the laws of Michigan.

It is conceded that the deed was not acknowledged in conformity with the laws of Illinois, and it is no doubt true that when recorded there was no law of that State which allowed a certified copy to be used in evidence. It was, however, recorded in fact. Consequently, under the later statutes, if actually executed in conformity with the laws of Michigan, and that fact was properly certified, the copy was admissible. There is no question but that the deed, if executed, was in form sufficient to convey the land. It was signed and sealed by the grantor, and was otherwise sufficient as a conveyance between the parties under the laws of Illinois. The whole controversy here is as to the proof of its execution in conformity with the laws of Michigan, so as to make the copy from the record competent evidence in place of the original. The

laws of Illinois, therefore, requiring the certificate of a clerk in certain cases as to the official character of a justice of the peace, are unimportant. If in Michigan such a certificate was not necessary to complete the execution of the deed, none was required in Illinois. Certainly a deed may be said to be fully executed when all has been done that is necessary to entitle it to record, and for that purpose in Michigan the evidence of an acknowledgment was complete when the officer before whom it was taken signed a certificate to that effect indorsed on the deed. No provision was made for any authentication of his official character. His certificate, made, as it must necessarily be, under the obligations of his official oath, was deemed sufficient.

Was, then, the deed executed in conformity with the laws of Michigan? Under the laws of Illinois, that fact may be proven by the laws of Michigan themselves, or by the certificate of the proper clerk. There was probably no necessity for the proof of the laws of Michigan which was made, as the courts of the United States take judicial notice of all the public laws of the several States. *Owings* v. *Hull*, 9 Pet. 607; *Covington Drawbridge Company* v. *Shepherd*, 20 How. 227.

The deed was signed and sealed by the grantor, and it was attested by two witnesses. Of that there can be no dispute. It had indorsed upon it a certificate of acknowledgment signed by Titus B. Willard, which set forth that he was one of the justices of the peace of Berrien County, and that Ash-kum, who was named in the deed as grantor, came before him and acknowledged its execution. It is true the certificate does not state that the officer was one who by law could take the acknowledgment of deeds, but it does state what the office was, and as the statute makes it the official duty of one holding such an office to take the acknowledgment of deeds, the statement of his official character necessarily included a statement of his official authority.

It is next objected that the certificate does not state that Ash-kum was personally known to the officer. There is nothing in the Michigan statute which requires any such statement, though there is in Illinois. It is enough in Michigan if

the officer certifies to the fact of an acknowledgment by the proper party. That has been done in this case. The statement is that Ash-kum, an Indian chief, came before the officer and made the necessary acknowledgment. This implies that the grantor was in some way known to the officer, and that the acknowledgment was in fact made. The making of the certificate was an official act, done under the sanction of an official oath, and is presumptively true. The laws of Michigan did not require the officer to state in his certificate the evidence by which the identity of the person was established in his mind. It was enough that he certified to the fact.

The fact that the grantor was in this case an Indian is unimportant. The duty of the officer was precisely the same in respect to him as it was to other men. The officer must, in his case as in others, be satisfied of the identity of the person, as well as of the fact of an acknowledgment. That being done, it was his duty to make the certificate. There is nothing in *Dewey* v. *Campau* (4 Mich. 565) to the contrary of this. There the deed was rejected because the officer in effect only certified that he was told by an interpreter that an Indian woman made the acknowledgment, no power having been given him to swear an interpreter for such a purpose. Here the certificate is that an acknowledgment was in fact made. That is enough until impeached.

It is next objected that there was no proof that Willard was at the time in fact a justice of the peace. The laws of Michigan required no other evidence of that fact to entitle a deed to record than the certificate of the officer himself. That was given in this case, and in addition it was shown that he was acting as a justice of the peace at the time. This makes it unnecessary to consider whether the certificate of the secretary of state, of the fact of his appointment, was competent evidence. The law did not require a copy of his commission, or proof of his having taken the official oath. It was sufficient that he was acting under color of right. That fact was clearly shown. This disposes of the case, so far as the proof of the deed was concerned. Having been executed in conformity with the laws of Michigan, and recorded, a certified copy, with the requisite certificate of conformity annexed, was admis-

sible in evidence, according to the laws of Illinois, after proof of the loss of the original.

In respect to the request which was made of the court to charge the jury as to the effect of fraud in the procurement of the deed, it is sufficient to say there is not a particle of evidence in the record to sustain such a claim. If the jury had found for the plaintiff on any such theory, it would have been the duty of the court to set the verdict aside and grant a new trial. Consequently there was no error in refusing the charge requested.

*Judgment affirmed.*