## In re SASLAW.

(District Court, N. D. Ohio, E. D.   September 21, 1921.)

### No. 7048.

**Bankruptcy ☞330—Proof of claim containing power of attorney held not effectively executed.**

A proof of claim and power of attorney may be contained in the same instrument, but in that case it must meet all requirements of Bankruptcy Act, § 57 (Comp. St. § 9641), and of General Order No. 21 (89 Fed. ix, 32 C. C. A. xxii), and the person executing it, if by a partnership, must make oath that he is a member of the partnership, and if by a corporation that he is an officer and duly authorized to execute it, and in either case the jurat of the officer before whom the oath is taken must show that deponent is known to him or his identity established by satisfactory proof.

In Bankruptcy. In the matter of M. M. Saslaw, alleged bankrupt. On review of order of referee. Affirmed.

Sidney Weitz, of Cleveland, Ohio, and Frank B. Burch, of Akron, Ohio, for creditors opposing composition.

R. W. Jeremiah and Smith, Olds & Smith, all of Cleveland, Ohio, for petitioning creditors.

WESTENHAVER, District Judge. This cause is now before me upon a petition of certain creditors to review an order of the referee in rejecting the vote, upon a composition, of attorneys purporting to represent said creditors by virtue of powers of attorney held defective by the referee. A consideration of one question certified by the referee will be decisive of the controversy, viz.: Did the referee properly refuse to permit J. P. Colburn or R. W. Jeremiah to vote for the composition?

The powers of attorney in dispute are regular proofs of claim, sworn to by a partner where a partnership was the creditor, and by the treas-

urer in those instances where a corporation was the proving creditor, at the end of which is a statement to the effect that the claimant constitutes and appoints J. P. Colburn, or R. W. Jeremiah, attorney in fact, etc. The paper is signed, and the notary states over his signature that it was "subscribed and sworn to." The proof of claim and power of attorney are thus found in one instrument.

The applicable sections of the Bankruptcy Act and General Orders are section 57 of the act (Comp. St. § 9641) and General Order XXI, paragraphs 1 and 5 (89 Fed. ix, 32 C. C. A. xxii). Section 57 provides that a proof of claim shall be a statement in writing under oath signed by the creditor. General Order XXI provides more particularly how proofs of claim shall be made. In case of a partnership, it must appear on oath that deponent is a member of the partnership. In case of a corporation, the deposition must be made by the treasurer, with certain exceptions, when there is no treasurer, or when the latter is not in the district.

In paragraph 5 of this General Order it is provided: (a) That the execution of a power of attorney may be proved or acknowledged before certain designated officers; (b) that, when executed by a partnership, the person executing the instrument shall make oath that he is a member of the partnership, and, when by a corporation, that he is a duly authorized officer of the corporation on whose behalf he acts; (c) that, when the person executing it is not personally known to the officer taking the proof or acknowledgments, his identity shall be established by satisfactory proof.

I know of no reason why the proof of claim and power of attorney cannot be in one instrument. But the instrument must in that event contain all of the allegations and requirements for both the proof and the power. In the absence of statute, no particular form is necessary to appoint an attorney in fact. When there is a statutory or other legal provision, those provisions must be followed. 31 Cyc. 1230. In the instruments here in question, all requirements of a proper proof as designated in section 57 and in General Order XXI, par. 1, are found.

Examining the instruments, however, with a view to their sufficiency as a power, they appear defective. Those executed by partnerships are proved before an officer qualified by paragraph 5; they contain the allegation that deponent is a member of a partnership, but the officer taking the proof makes no statement over his signature that the deponent was personally known to him, or that his identity was established. Those instruments executed by corporations are proved before a qualified officer, but contain no allegation that the officer executing it is duly authorized to act on behalf of the corporation (in executing the power), and do not contain a statement by the officer taking the proof that the deponent was personally known to him, or that his identity was established.

The fact that the deponent in the corporation proofs swears that he is the treasurer of the corporation is not sufficient in my opinion; there is no implication that a treasurer is duly authorized to execute powers of attorney. Furthermore, paragraph 5 of General Order XXI

expressly requires that the officer swear that he is duly authorized, not that he is merely duly elected, or that he is the treasurer.

For the reasons stated, the order of the referee is affirmed. An exception to this ruling may be noted on behalf of the petitioners.