### In re STATE THREAD CO.
### GILMAN v. DAVIS.
### DAVIS v. GILMAN.
#### Nos. 8901, 8902.

Circuit Court of Appeals, Sixth Circuit.
March 4, 1942.

Perry Elwood Hamilton, of Cleveland, Ohio, (Grossman & Grossman, of Cleveland, Ohio, on the brief), for Albert A. Gilman, appellant, cross-appellee.

H. K. Bell, of Cleveland, Ohio (Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, on the brief), for M. T. Davis, appellee and cross-appellant.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

At the first meeting of the creditors of the bankrupt, a single creditor, M. T. Davis, with a proven claim of $5,496.10, voted for Loewenthal for trustee of the bankrupt estate; and four creditors, whose proven claims aggregated $1,555.76, voted for Albert A. Gilman. One candidate, therefore, received a majority in the amount while his opponent received a majority in the number of claims. The referee, however, ruled out the single vote cast for Loewenthal, declared Gilman elected trustee and entered an order to such effect.

Upon petition for review, Davis brought the controversy to the district judge, who, in a memorandum opinion, upheld the action of the referee in rejecting the right of M. T. Davis to vote his claim in the election, but disapproved the action of the referee in permitting the four creditors constituting the majority in number of claims to vote, and ordered that the election of Albert A. Gilman as trustee be set aside and that a new election be held.

The trustee, Gilman, has appealed from the order, insofar as it sustained the petition for review, set aside the election, and required that powers of attorney be both witnessed and acknowledged before a Notary Public. The creditor, Davis, has appealed from the order to the extent that it requires that the acknowledgment of a power of attorney shall contain a statement that the person executing the power is personally known to the person taking the acknowledgment, or that his identity has been established by satisfactory proof. Davis has also appealed from the refusal of the district court to declare Loewenthal the duly elected trustee.

(1) Davis subscribed and swore to his proof of claim before a Notary Public and attached a sworn and duly witnessed power of attorney delegating to his proxy, inter alia, the right to vote for a trustee. This power of attorney executed by him was in exact conformity with Official Form No. 18, promulgated by the Supreme Court January 16, 1939, and effective February 13, 1939. Nevertheless, the referee rejected the right of Davis' attorney-in-fact to vote. His ruling was grounded upon an opinion delivered in 1921 by District Judge Westenhaver of the Northern District of Ohio, in which it was held that a power of attorney executed by a partnership creditor to be used in voting upon a composition in bankruptcy was insufficient, under a General Order similar to that under interpretation here, where the Notary who certified that the instrument was "subscribed and sworn to" by the claimant made "no statement over his signature that the deponent was personally known to him, or that his identity was established." In re Saslaw, D.C., 275 F. 587, 588.

In the instant case, however, the district judge did not predicate his decision upon the authority of In re Saslaw, supra, but reasoned thus:

"General Order 38 [11 U.S.C.A. following section 53] requires that the forms annexed to the General Orders shall be observed and used, with permissible alterations for particular cases. General Order 21(5) seems a little obscure, in the light of Official Form 18, but a safe construction requires the adoption of a practice which fulfills the requirements of the General Order as well as those of the Official Form. If, as asserted by the petitioner, the Notary's acknowledgment need not contain a statement responding to the provision of General Order 21(5), but that the Notary's personal knowledge or established identity

of the person executing the power may be proved before the referee when challenged, delays and confusions surely would result. This is not to say that the contention of the petitioner is wholly without merit or force. It is possible that the uncertainty well might be resolved the other way,—that is, that compliance with the Official Form is enough unless challenged in respect of the Notary's personal knowledge or proof of identity of the person executing the power of attorney.

"But considering the practical necessities it seems to me the theory advanced by petitioner, that General Order 21(5) was intended as a direction to Notaries, that they shall know, or have identified, persons executing powers, must fall before the more reasonable belief that the high court intended by the General Order to prescribe for an express essential to a valid power of attorney. And to make reasonably certain that the requirement has been complied with, the Notary's assurance of fulfillment should be expressed in the power of attorney itself and should not be left to assumption or later oral proof. The General Order and the Official Form should be read together and expressly and specifically complied with. Why the requirement of the General Order was not appended to the form, we can only conjecture. It must be borne in mind that we are dealing presently with an official legal form (18) made so by statute and General Order 38, and also with a provision of law [General Order 21(5)] requiring something more than the official form."

The court then ordered that "the official form be adopted and required in every detail, including a witness thereto, plus an acknowledgment responding to General Order 21(5)," and that a "new election should be held, with the distinct understanding that only those powers will be effective to vote that comply with this direction."

■ We do not construe the meaning of General Order 21(5) as did the district court. The third sentence of the General Order reads: "When the person executing [a power of attorney] is not personally known to the officer taking the proof or acknowledgment, his identity shall be established by satisfactory proof." We find no mandate in this language that a Notary, or other officer taking the acknowledgment of a claimant, must certify that the affiant is personally known to him.

Form No. 18, promulgated for powers of attorney, prints beneath the blank for the signature of a claimant the words, "Signed, sealed and delivered in the presence of ——, ——," followed by a prescribed form of acknowledgment: "Acknowledged before me this —— day of ——, 19—.

_____

_____

[Official character.]"

The express language of the prescribed form gainsays any intention of the Supreme Court in promulgating General Order 21(5) to require that the certificate of the Notary Public or other officer taking the acknowledgment should recite the official's personal acquaintance with the affiant. Such personal acquaintance must be presumed from the Notary's certification under the sanction of his official oath that the claimant acknowledged the power of attorney. The plain implication is that the claimant was known to the officer and, in fact, acknowledged the instrument. Elwood v. Flannigan, 104 U.S. 562, 568, 569, 26 L.Ed. 842, by analogy, justifies this deduction.

■ Had the Supreme Court intended to require a certificate of personal acquaintance, it is obvious that either the General Order or the prescribed form would have so provided. The General Order requires only that when the official is unacquainted with the person executing the power of attorney, the identity of the affiant shall be established by satisfactory proof. In the absence of a contrary showing, the presumption always is that a public officer has performed his duty. See In re Henschel, 2 Cir., 113 F. 443, 445. It may, therefore, be inferred that when an officer signs the certificate prescribed in Form 18, he is in fact personally acquainted with the affiant.

■ General Order 38 provides: "The several forms annexed to these general orders shall be observed and used with such alterations as may be necessary to suit the circumstances of any particular case." We do not read from the Order a direction that the form of acknowledgment must be altered in the circumstances of a case where no charge is made that the power of attorney was not actually acknowledged by a person known to the official taking the acknowledgment. The summary of evidence in the case at bar contains proof before the

referee that Davis actually had been personally known for many years by the Notary who took his acknowledgment to the proof of claim and power of attorney. It also appears from the record that the affiant was well known to both subscribing witnesses, and that these witnesses were well known to the Notary Public.

Notwithstanding this convincing evidence and the fact that the proof of claim and power of attorney of the appellee, Davis, was executed in the identical manner prescribed in Form 18, the referee stood upon his interpretation of Rule 21(5) and declined to permit the claim of Davis to be voted in the election of a trustee. In this, the referee was, in our judgment, manifestly in error, as was likewise the district judge in applying the same erroneous interpretation of Rule 21(5).

(2) The next question is: Did the district judge err in overruling the referee's action in permitting four claims, constituting a majority in number of the claims, to vote in the election of the trustee in bankruptcy? None of the proofs of claim and powers of attorney was subscribed by a witness, or witnesses, as indicated in Form 18; but each was certified by a Notary Public as subscribed, sworn to and acknowledged before him by the affiant, personally known to the Notary "to be the identical person named."

Unless the requirement of the third sentence of General Order 21(5), that the identity of the person executing the power of attorney shall be established by satisfactory proof when the affiant is unknown to the officer "taking the proof or acknowledgment," is to be construed to call for proof by subscribing witnesses in respect of all powers of attorney, any mandate that there be subscribing witnesses must be inferred from Form 18 alone. We do not construe the third sentence of the General Order as applying to all powers of attorney, but only to those where the person acknowledging the power is unknown to the officer taking the acknowledgment. We must, therefore, answer the question propounded by determining whether or not exact compliance with Form 18, to the extent of certification of every power of attorney by both witnesses and designated officials, is required.

It has long been provided by statute that all necessary rules, forms, and orders as to procedure and for carrying the provisions of the National Bankruptcy Act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States. Act of July 1, 1898, Ch. 541, Sec. 30, 30 Stat. 554, 11 U.S.C.A. § 53. These rules, forms and orders are of binding effect upon the courts within the limitation that they do not add to, subtract from, or vary from the provisions of the National statutory law pertaining to bankruptcy. West Company v. Lea, 174 U.S. 590, 599, 19 S.Ct. 836, 43 L.Ed. 1098; Orcutt v. Green, 204 U.S. 96, 102, 27 S. Ct. 195, 51 L.Ed. 390; Meek v. Centre County Banking Co., 268 U.S. 426, 434, 45 S.Ct. 560, 69 L.Ed. 1028.

As commented in Collier on Bankruptcy, 14th Ed., Vol. 2, Sec. 30.04, page 1285: "Some courts have been extremely strict in their requirements of conformity to the letter of orders and forms. More generally, however, substantial compliance with forms and orders has been considered sufficient."

This court has approved the substantial compliance rule of construction. In re L. M. Axle Co., 6 Cir., 3 F.2d 581. At page 582 of the opinion in 3 F.2d, it was said: "General Orders have the force and effect of law, but, in so far as they relate to procedure and prescribed rules of practice, they must be construed the same as statutes of like character with reference to the purpose to be accomplished. * * * It is the duty of the bankruptcy court to enforce the provisions of these general orders, but, where the purposes thereof have been fully accomplished, a mere technical objection cannot avail."

In Danciger v. Smith, 5 Cir., 36 F.2d 345, 347, the point was made that certain notices to creditors were given by the referee instead of by the judge as indicated in an Official Form No. 57, 11 U.S.C.A. following section 53, which concluded: "Witness the Honorable ——— judge of the said court, and the seal thereof," etc. The Court of Appeals said: "It is urged that the language just set out indicates that the form of order of which it is a part must be made by the judge. In the circumstances disclosed by the record, to sustain the contention under consideration would amount to subordinating substance to mere form." The court held that, at most, a mere technical error not affecting the substantial rights of any party might have been committed; but, even so, such error would not

be ground for reversal. 28 U.S.C.A. § 391.

The Seventh Circuit Court of Appeals also looked to substance and not to form in holding that where the Bankruptcy Act makes no requirement that the bankrupt shall itemize or value property claimed as exempt, although the caption of the official form of schedule makes such suggestion, the form "is merely directory, and not mandatory." In re Lippow, 92 F.2d 619, 620. See to same effect, Burke v. Guarantee Title & Trust Co., 3 Cir., 134 F. 562, 564.

While in Sabin v. Blake, McFall Co., 9 Cir., 223 F. 501, 505, 506, the verification of an involuntary petition in bankruptcy was held insufficient in its failure to comply with the prescribed official form, the petitioning creditors were granted leave to verify the petition in accordance with the prescribed form within ten days after notice of the order. See to same effect, Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976, 978. Compare Kattelman v. Madden, 8 Cir., 88 F.2d 858, 865.

As was said in Leonard v. Bennett, 9 Cir., 116 F.2d 128, 132, " * * * Order No. 38 of the General Orders in Bankruptcy is not an iron-clad rule, as is apparent from its wording."

We find nothing in Zavelo v. Reeves, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676, which repels the application here of the principles which have been discussed.

The conclusion has been reached that the alterations in the forms of acknowledgment of the four powers of attorney under consideration fall within the permissible amendments allowed by General Order 38. The four claims were, therefore, entitled to be voted in the election of the trustee in bankruptcy. It follows that the district judge erred in reversing the referee's action in permitting the claims to be voted.

(3) Had the referee permitted the claim of Davis to be voted, as we have concluded he should have done, Loewenthal would have received a majority in amount and Gilman a majority in number of the claims voted. The result would have been no election of a trustee by the creditors. A majority, in both the number and the amount of claims of all creditors whose claims have been allowed and are present are necessary to appoint a trustee. 11 U.S.C.A. § 92. In the event of failure of the creditors to appoint a trustee, the court shall make the appointment. 11 U.S.C.A. § 11(17), Sec. 72. Compliance with the statutes requires that this procedure should be followed.

But it is not even contended by Davis that any actual injury has been sustained by him. No complaint has been made that the bankrupt estate has been wasted or improperly administered, or that Gilman, the trustee, has been derelict in any respect. Davis merely complains that he has been denied the right of electing his nominee as trustee. This, we have shown, he would have been unable to accomplish. The court would have been required to make the appointment. Moreover, it is probable that the referee would have followed the not unusual practice of appointing as trustee the candidate receiving the majority in number of claims voted.

Upon the facts of record, Davis, in our judgment, has been deprived of a mere technical and not a substantial right. Section 269 of the Judicial Code, as amended, 28 U.S.C.A. § 391, provides in the second sentence: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." See Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, 890; Mitchell v. Pittsburgh, etc., R. Co., 6 Cir., 13 F.2d 704, 705.

To nullify the election of the trustee, erroneously inducted by the referee in bankruptcy, by affirming the order of the district judge, would result in further delay in the distribution to creditors and in the final settlement of the bankrupt estate, and would entail additional expense.

Consistent speed in the administration of bankrupt estates is a desideratum; and conservation by economical administration is a paramount consideration. Upon the argument at bar, it was stated that the assets of the estate are not much in excess of one thousand dollars. It was frankly admitted that this litigation was brought to us for the primary purpose of adjudication of troublesome practical questions which have long disturbed referees in bankruptcy in the Eastern Division of the Northern District of Ohio. The purpose is worthy, but the determination of

controversial issues of administration for the future guidance of referees must not be reached at the expense of creditors in a case chosen for a test.

Practically considered, the cost of this litigation, if unchecked, could virtually absorb this small bankrupt estate. No substantial portion of the estate should be permitted to be absorbed in costs. Only moderate compensation to the trustee and the attorneys should be allowed.

The order of the district court is reversed, as indicated in this opinion, and the causes are remanded for speedy settlement of the bankrupt estate and distribution to the creditors.