**In re TERRY.**

No. 4007.

United States District Court
E. D. Arkansas, W. D.

May 26, 1951.

J. B. Milham, Eureka Springs, Ark., for the debtor, A. O. Terry.

Townsend & Townsend, Moore, Burrow, Chowning & Mitchell, Cooper Jacoway, Little Rock, Ark., for petitioning creditors.

LEMLEY, District Judge.

This cause comes on to be heard upon the debtor's petition to review the order of the Referee, Honorable Lee Cazort, adjudicating him a bankrupt, which order was entered by the Referee on August 15, 1950. Upon consideration of the record in the case and the written briefs filed herein, we are of the opinion that the case should be remanded to the Referee with certain directions which will be hereinafter set forth.

This is an involuntary proceeding initiated by three of the debtor's creditors on January 10, 1950; in their petition these creditors alleged that within four months of the filing of the petition the debtor concealed with intent to hinder, delay, and defraud his creditors "large sums of money". On the same day the petitioning creditors asked that a receiver be appointed to take charge of the assets of the debtor, and an order to that effect was made on the same day. On March 2, 1950, the debtor filed a verified answer to the creditors' petition in which he denied that he had committed the act of bankruptcy alleged in said petition and further denied that he was insolvent. On March 28, 1950, the debtor filed an amendment to his answer in which he alleged that the creditors had procured the appointment of a receiver who operated his business for seven days and then closed the business down; it was further alleged that the debtor had filed a suit in the Circuit Court of Saline County, Arkansas, against the petitioning creditors and others alleging that they had wrongfully converted his property and had damaged him to the extent of $33,400, and that said suit was then pending in that Court; following this allegation the debtor again denied in general terms each and every allegation con-

tained in the creditors' petition. Thereafter, the debtor filed a second amendment to his answer in which he raised certain issues not here pertinent, and which we do not discuss.

The Referee held extended hearings and took voluminous testimony on the issues raised by the pleadings, and on August 15, 1950, entered an order adjudicating the debtor a bankrupt. On August 18, 1950, the debtor filed a petition for review of the Referee's order of adjudication, and it is upon this petition for review that the case is now before us.

Upon the filing of the petition for review, the Referee filed a certificate covering the proceedings before him, setting out the questions presented, and his findings of fact with reference thereto. Contemporaneously with the filing of this certificate the Referee likewise filed a memorandum opinion discussing the issues in the case and his findings and conclusions.

It appears that there were two questions presented to the Referee: (1) Whether or not the alleged bankrupt had committed the act of bankruptcy alleged, and, (2) whether or not the alleged bankrupt was insolvent at the time the petition in bankruptcy was filed against him. The Referee found that the debtor had committed the act of bankruptcy alleged in the petition, and that he was insolvent at the time that the petition against him was filed. It was upon these findings that the order of adjudication was made.

Upon the filing of the Referee's certificate and opinion, the matter was submitted to the Court upon a transcript of the evidence taken before the Referee and written briefs filed by the respective parties. After we had read and considered all of this evidence and the briefs, but before we had entered any order in the premises, we received information that the debtor probably owned certain property which was not considered by the Referee at the time he made his original findings, and we remanded the case to him under the provisions of General Order in Bankruptcy No. 47 to take additional testimony but on the sole question of the solvency or insolvency of the debtor at the time the petition against him was filed. We were satisfied as to the Referee's finding with reference to the debtor having concealed large sums of money with the intent to hinder, delay and defraud his creditors.

Upon this partial re-submission to the Referee, he conducted further hearings and made a further finding of fact, which has been duly certified to us and which is to the effect that the debtor was solvent at the time that the petition against him was filed. Both sides have filed additional briefs in connection with the supplemental findings of the Referee and the cause has been submitted to the Court for decision in chambers on the record and the briefs.

The scope of our review of the Referee's findings of fact is very strictly limited by General Order in Bankruptcy No. 47, which provides that, "Unless otherwise directed in the order of reference, the report of a referee * * * shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. * * *" It will be noted from the plain language of this General Order that we are bound by the Referee's findings of fact unless they are clearly erroneous; and the Court of Appeals for the Eighth Circuit has held that a Referee's findings are not clearly erroneous when they are supported by substantial evidence. Equitable Life Assurance Society v. Deutschle, 8 Cir., 132 F.2d 525, 526. Even before this General Order was promulgated in its present form, the said Court had held in Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254, that "The determination of a referee in bankruptcy of issues of fact, based upon the evidence of witnesses appearing in person before him, where such determination must rest upon the credibility of the witnesses and the weight of their evidence, should ordinarily be accepted upon review, except in those cases where it is obvious that the referee has made a mistake." It was further said in that opinion. "A different rule would virtually make a review of the findings of a referee as to issues of fact which depended for their correctness upon the credibility of witnesses who had personally appeared before him and upon the weight of their evidence, a trial de novo."

■ The finding of the Referee that the debtor absconded with a large sum of money with intent to defraud his creditors is clearly supported by substantial evidence, and his finding in that connection certainly cannot be said to be "clearly erroneous". The Referee heard the testimony relative to the debtor's disappearance and his activities immediately prior thereto, about his being seen in Mississippi with a large sum of money on his person, and about his subsequent re-appearance in Little Rock. The Referee heard the debtor testify and observed his appearance and demeanor on the witness stand; he was not obligated to accept the debtor's version of his activities or his claim that he was a victim of amnesia, and it may be said in this connection that it is significant that the debtor produced no medical testimony whatsoever in support of this claim. Not only was the Referee's finding on this point supported by substantial evidence, but in our estimation was a proper finding in the light of the evidence in the case.

Likewise, we are of the opinion that the Referee's present finding that the debtor was solvent at the time of the filing of the petition is amply supported by substantial evidence. As a matter of fact, when we considered his original findings to the contrary, we were not entirely satisfied that the Referee had reached a correct decision, although we would not have been at that time in a position to say that his finding of insolvency was clearly erroneous, as a matter of law. His present finding of solvency is, in our opinion, in accord with a preponderance of the evidence.

■ In view of these findings it follows that the proceedings in bankruptcy against the debtor cannot be maintained, and that the case will ultimately have to be dismissed. Ordinarily, we would simply dismiss the proceedings at this time, but in view of the receivership which is involved and the matter of costs, we deem it proper to remand the cause to the Referee with instructions to terminate the receivership, take an accounting from the receiver, fix his compensation, turn over to the debtor whatever property is now in the hands of the receiver, tax the costs in accordance with law, and ultimately dismiss the petition of the creditors.

We note that there is a sharp conflict between the parties as to the form which the order of dismissal should take. The debtor requests us to use Official Form No. 10, prescribed by the Supreme Court pursuant to General Order in Bankruptcy No. 38. The creditors, on the other hand, request that the order of dismissal recite that the debtor "did commit the act of bankruptcy as alleged in that he did within four months next preceding the filing of said petition, conceal, with intent to hinder, delay and defraud his creditors, large sums of money," and then further recite that "it being further found that said alleged bankrupt was solvent at the time of the filing of the petition, and his said solvency constitutes a complete defense to his commission of said act of bankruptcy." The basis of this difference as to the form of the order is, no doubt, the existence of the debtor's suit against his creditors in the Circuit Court of Saline County, above referred to.

Since this case is to be remanded to the Referee for the purposes above indicated, including the dismissal of the proceedings, the formulation of the order of dismissal will be his primary responsibility. We consider it proper, however, to make some comment on the form of order for the Referee's guidance and, perhaps, to avoid additional review.

The provisions of 11 United States Code Annotated, Section 53, give to the Supreme Court the power to prescribe forms to be used in bankruptcy proceedings, and the Supreme Court acting under this power has promulgated General Order No. 38 dealing with the use of forms and has prescribed a large number of forms, including Form No. 10, which is to be used in cases of dismissal of involuntary proceedings.

Official Form No. 10 is as follows:

"*Adjudication that Debtor is not a Bankrupt*

"At ———, in said district, on the ——— day of ———, 19—.

"This cause having been heard at ———, in said court, upon the petition of ———

———, ——— ———, and ——— ———, that ——— be adjudged a bankrupt under the Act of Congress relating to bankruptcy; and (here state the proceedings, whether there was no opposition, or, if opposed, what proceedings were had);

"And, upon consideration of the proofs in said cause (and the arguments of counsel thereon, if any), it having been found that the material facts alleged in said petition were not proved:

"It is adjudged that said ——— ——— is not a bankrupt as alleged, and that said petition be dismissed, with costs.

"——— ———,
"District Judge or Referee
in Bankruptcy."

We do not feel that this form is well adapted for use in a case like this where in a proceeding under the first act of bankruptcy the proof has shown that the debtor did in fact remove and conceal his assets with fraudulent intent, but where nevertheless he succeeds in establishing the defense of solvency. The use of the official form under such circumstances does not give a true picture of the case, for it gives the impression that the petitioning creditors have failed to prove the fraudulent acts of the debtor. For this reason the official form is particularly ill adapted for use in this case in view of the fact that the debtor is presently suing the creditors in a state court for their activities with respect to him and his property.

On the other hand, we doubt the propriety of the form of order submitted by the creditors. Although they may possibly be entitled to it, we do not feel that the Referee need go so far as they request. He may recite in his order his factual findings as to the fraudulent act of the debtor without saying that the debtor "committed the act of bankruptcy alleged in the petition," and he may then further recite in his order that he finds that the debtor was solvent at the time the petition was filed.

In this connection, General Order No. 38 provides that, "The several forms annexed to these general orders shall be observed and used with such alterations as may be necessary to suit the circumstances of the particular case". The language of this general order indicates that the several official forms are not "iron-clad" but may be altered to suit the facts of individual cases and to reflect the true findings of the Court. See also In re State Thread Co., 6 Cir., 126 F.2d 296, 300–301, and Leonard v. Bennett, 9 Cir., 116 F.2d 128, 132. As indicated, we are of the opinion that alterations in Official Form No. 10 are necessary to suit the circumstances of this particular case, and we feel that the Referee should use Form No. 10 insofar as it is applicable with such alterations as have been indicated herein.

An order will be entered in accordance with this memorandum.