In. the Matter of COLUMBUS BRASS &
ALUMINUM COMPANY, Inc.,
Bankrupt.

AMERICAN ALLOYS CORPORATION,
et al., Plaintiffs-Appellants,

v.

Ivan H. MORGAN, Trustee in Bankruptcy, Defendant-Appellee.

No. 12988.

United States Court of Appeals
Seventh Circuit.

Oct. 18, 1960.

John H. O'Hara, John K. Rickles, Sigmund J. Beck, Indianapolis, Ind., for plaintiffs-appellants. Knox, O'Hara & Krise, Bamberger & Feibleman, Indianapolis, Ind., of counsel.

Jack I. Kahn, B. Howard Caughran, Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

On September 25, 1958, an involuntary petition in bankruptcy was filed in the United States District Court at Indianapolis, Indiana. On September 26, 1958, Ivan H. Morgan was appointed receiver on the motion of the petitioning creditors. On October 7, 1958, the matter was referred to referee in bankruptcy, Paul Pfister. On November 12, 1958, a section 21, sub. a, 11 U.S.C.A. § 44, sub. a, hearing was held before the referee and certain persons were examined. The first meeting of creditors was held December 2, 1958, at which time the creditors voted for the election of a trustee. Mr. Morgan and Mr. Robert L. Stevenson were each nominated, and a vigorous contest ensued. Neither candidate received a majority in number and amount of the claims. On December 9, 1958, the referee appointed Ivan H. Morgan as trustee.

On December 19, 1958, appellants filed a petition for review of the order appointing Morgan as trustee. On December 2, 1959, the District Court entered its order confirming the referee's order appointing Morgan. This appeal followed.

Appellants contend the referee should not have permitted certain claims to be voted because of activities of attorney John R. Royse. They say if these claims had been excluded, their nominee Stevenson, would have been elected trustee. Appellants argue the bankrupt, through the activities of Royse, interfered with the choice of a trustee. Appellants concede that Morgan is a man of high character and is well qualified to carry out the duties of trustee.

In 1947, Royse, as attorney, had prepared the incorporation papers of the corporation, now bankrupt, and had assisted in the organization of that corporation. He received one share of stock which he claims to have immediately turned back to the company. He acted as attorney for the company until September 19, 1958 on which date he received a telephone call from the president of the corporation stating it was in financial difficulties and requesting Royse to come to Columbus, Indiana, where the company offices and factory were located. Royse made the trip, and upon consultation with the officers, concluded that a receiver should be appointed by the State Court so as to avoid numerous lawsuits by creditors. At this time Royse resigned as chairman of the Board of Directors and as attorney for the corporation, and his resignation was accepted on that date.

On September 19, 1958, Royse, as attorney for an employee of the corporation, filed suit in the State Court asking for the appointment of a receiver. The matter was set for hearing on September 24, 1958. On the day before the scheduled hearing, the Cummins Engineering Company which customarily purchased nearly all of the output of the corporation, removed its patterns, thus preventing continued operation. Royse then advised the officers that a reorganization would not be feasible.

On September 25, 1958, three creditors of the corporation filed an involuntary petition in bankruptcy against the corporation, asking for the appointment of a receiver. The Court appointed Ivan H. Morgan as receiver and shortly thereafter, Morgan employed Royse and Jack I. Kahn as his attorneys.

On the day following the appointment of Morgan as receiver in bankruptcy, Royse suggested to officers of the corporation that a letter of explanation of the various court proceedings should go out from the corporation to the creditors. Royse prepared this letter to go out over the signature of the president. In this letter dated September 27, 1958, reference was made to inquiries received from various creditors, and it stated: " * * * accordingly we have suggested to those creditors that have made inquiry that they forward their proofs of claim to Commercial Adjustment Bureau."

Under date of October 20, 1958, a second letter was sent to the creditors. This also was dictated by Royse and went out over the signature of the president of the company. This letter commented

that a large number of creditors had forwarded their proofs of claim to the Commercial Adjustment Bureau which had indicated an intention to cooperate with all the creditors, the federal court receiver, and the company, to the best interest of all concerned.

Several months before the date of oral argument, trustee Morgan filed a motion to dismiss the appeal herein. The grounds were that neither of the appellants is a person aggrieved by the order of the referee allowing certain challenged claims to vote upon the election of a trustee or the resulting order of the referee appointing a trustee. Principal reliance is based upon the decision of In re Deena Woolen Mills, Inc., D.C., 114 F.Supp. 260. The Court, in that case cited In re State Thread Co., 6 Cir., 126 F.2d 296 and In re Grossman, D.C., 225 F. 1020. We ordered the motion to dismiss be taken with the case.

We think the cases relied on by the trustee are not controlling in the situation before us. In the State Thread case the Court said, 126 F.2d at page 301: " * * * Davis merely complains that he has been denied the right of electing his nominee as trustee. * * * Upon the facts in the record, Davis, in our judgment, has been deprived of a mere technical and not a substantial right." The Court then said: "To nullify the election of the trustee, erroneously inducted by the referee in bankruptcy, by affirming the order of the district judge, would result in further delay in the distribution to creditors and in the final settlement of the bankrupt estate, and would entail additional expense."

■ In the cases cited by appellee there was always someone else who had the standing to seek a review. However, in the case at bar, since no claims were disallowed, and since it hardly could be expected that the trustee would challenge his own appointment, there was no one in a position to raise the question under the rule contended for by appellants. We hold that the motion to dismiss the appeal must be and is denied, and we proceed to consider the case upon the merits.

There is no dispute that when no person proposed for the position of trustee receives a majority in number and amount of the claims filed, which claims have been allowed, it is the duty of the referee to appoint a qualified person as trustee. 11 U.S.C.A. § 72.

■ Of the two persons nominated, one received a majority in the amount of the claims and the other received a majority in the number of claims. It was then the duty of the referee to appoint a trustee. If his choice was a qualified person, his decision will not be set aside unless there has been a clear abuse of discretion or a mistake of law. Morgan is a highly qualified person who has efficiently administered the bankrupt estate from the time of his appointment to date.

Considerable heat has been engendered by those seeking to control the administration of this estate. Not only are attorneys involved, but there appears also to be a vigorous contest between two collection agencies. We have concluded that unless a serious breach of ethics demands the result, the administration of the estate should not be upset at this late date.

Mr. Royce properly advised his clients to acquaint all creditors with a description and the purposes of the various court proceedings. He should not have suggested that the company advise clients to place their claims in a certain agency which, undoubtedly, would be favorable to the election of Royce as attorney for the trustee.

■ In a bankruptcy matter, the Court's first concern should be the protection of the creditors. Here the appointed trustee is doing an excellent job. Considering all the equities, we have decided to and do affirm the order of the District Court confirming the appointment of Ivan H. Morgan, Esquire, as trustee.

Affirmed.