TERRY *v.* PLUNKETT-JARRELL GROCER COMPANY.

4-9677                                                246 S. W. 2d 415

Opinion delivered February 11, 1952.

Rehearing denied March 17, 1952.

*J. B. Milham* and *Joe W. McCoy*, for appellant.

*Moore, Burrow, Chowning & Mitchell, Jacoway & Jacoway* and *Townsend & Townsend,* for appellee.

HOLT, J. Appellant, a merchant in Benton, Saline County, without notice, left his family and business about November 22, 1949, with about $3,600 in cash, and was not heard from until about January 22, 1950. At the time of his departure (apparently suffering from complete loss of memory), he was indebted to numerous creditors (including some of appellees) and when found in January, 1950, in Hattiesburg, Miss., returned home with only $10 of the $3,600 remaining.

On January 10, 1950, those appellees, who were creditors, filed involuntary bankruptcy proceedings against appellant in the United States District Court and appellant was declared bankrupt. Appellee, Frank A. Mitchell, a resident of Saline County, was duly ap-

pointed receiver and Willis Townsend, a resident of Pulaski County, was appointed attorney for the receiver. The receiver took charge of appellant's business and operated it under orders of the bankruptcy court.

Following his return, appellant, by proper petition, asked for a review of the order declaring him bankrupt and U. S. District Judge Lemley said: "The finding of the Referee that the debtor (A. O. Terry) absconded with a large sum of money with intent to defraud his creditors is clearly supported by substantial evidence, and his finding in that connection certainly cannot be said to be 'clearly erroneous.' . . . Not only was the Referee's finding on this point supported by substantial evidence, but in our estimation was a proper finding in the light of the evidence in the case," (*In Re Terry*, 97 F. Supp. 635), but directed the Referee to reconsider the question of solvency.

Thereafter the bankruptcy suit was dismissed on a showing that appellant was not insolvent.

On March 21, 1950, appellant filed the present suit in Saline County against appellees for the alleged unlawful conversion of his merchandise, and other property, and for damages to, and the destruction of, his business. Appellee, Frank A. Mitchell, was a resident of Saline County and all of the other appellees were residents of Pulaski County. Appellees, Mitchell and Willis Townsend, were duly served with process in Saline County and the remaining appellees were served in Pulaski County.

Appellees, appearing specially for such purpose, filed separate motions to quash service of summons on each and to dismiss appellant's complaint, on the theory and claim that neither the receiver, Mitchell, nor Townsend was a *bona fide* resident defendant of Saline County, in the circumstances, so as to establish venue in that county and consequently the trial court lacked jurisdiction of the cause. On July 3, 1951, after hearing testimony on the issue all motions of appellees were sus-

tained, service of summons on each quashed, and appellant's complaint dismissed.

This appeal followed.

At the outset, appellant argues that the venue of the present suit is governed by § 1 of Act 182 of the Acts of 1947 (now § 27-611, Ark. Stats. 1947) which fixes the venue for damages to personal property: "Section 1. Section One of Act 317 of the Acts of the General Assembly of Arkansas of 1941, be and the same is hereby amended to read as follows: 'Any action for damages to personal property by wrongful or negligent act may be brought either in the County where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.' "

We cannot agree.

Appellant is seeking damages here for *conversion* of his property and business. We think the above act does not cover, and was not intended by the Legislature to cover, damages for an act of conversion. Its declared purpose was: "Section 3. It is found and declared that in many instances litigants to actions for personal injury and property damage have a cause of action growing out of the same accident and that the jurisdiction for property damage is in one County and for personal injury in another County, and that as a result thereof an inconvenience and expense arises to the litigants and multiplicity of suits results therefrom, and because of these conditions . . . ."

Its purpose was to relieve litigants from having to sue in more than one county for personal and property damages "growing out of the same accident," that is where the cause of action arose from a corporeal or physical injury to the person or property.

While it does not appear that we have passed directly on this point, we are supported in our view in the case of *Mason* v. *Buck, et al.,* 99 Calif. App. 219, 278 Pac. 461. There the court in construing a venue statute similar in ef-

fect to the above, said: "From our consideration of the purposes of the Code amendment as outlined in the decisions cited we are satisfied that the Legislature intended to except from the general provisions of section 395 only such actions for injury to person or property, caused by the wrongful act or negligence of another, where the cause of action arose from a 'corporeal or physical' injury to the person or property, and that it was not intended to include every invasion of personal and property rights. As an action for conversion is not a corporeal injury to property within this meaning, it would follow that it should be tried in the county where the defendant resides within the general provision of section 395."

Under our statute, § 27-615, Ark. Stats. 1947, the Saline Circuit Court was without jurisdiction. This statute provides: "Where any action embraced in § 96 [§ 27-613], is against several defendants, the plaintiff shall not be entitled to judgment against any of them on the service of summons in another county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him."

In construing this statute, this court, in *Wernimont v. State ex rel. Little Rock Bar Association,* 101 Ark. 210, 142 S. W. 194, said: "But, before this jurisdiction can be acquired . . . over the person of such defendants, nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute, it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant. Kirby's Digest, § 6074, (now § 27-615, Ark. Stats. 1947).

"If the transaction is colorable and collusive, and the resident person not a defendant in fact and in good faith, then service of process of summons upon him would be incapable of laying the foundation for jurisdiction of the court over nonresident defendants served with summons in other counties. Upon such facts being made known to the court, it would be its duty to quash the service of summons upon such nonresident defendants. Such defendants can not be dragged from the forum of their residence by any sham or contrivance to evade suit against them in a court in the county where they reside. Such a perversion of the court's process is a fraud practiced upon the court, which should receive its condemnation upon being made aware of it." (Reaffirmed, in *Hot Springs Street Railway Company* v. *Henry,* 186 Ark. 1094, 57 S. W. 2d 1050).

Thus, before a cause may be prosecuted against a defendant outside the county of his residence, there must be a resident defendant or a defendant summoned in the county in which the suit is brought, against whom there is a *bona fide* claim of joint liability.

— (1) —

We hold that service of process on Willis Townsend in Saline County (who was a nonresident), in an attempt to make him a party to the cause, was properly quashed for the reason that it appears undisputed that he was served while in attendance on the Saline Circuit Court as a witness in the cause. Such service is prohibited by § 28-521, Ark. Stats. 1947, which provides: "A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning, or attending in obedience to a subpoena."

In *Powers* v. *Arkadelphia Lumber Co.,* 61 Ark. 504, 33 S. W. 842, this court said: "In *Larned* v. *Griffin,* 12 Fed. Rep. 590, the court said: 'It has long been settled that parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are

privileged from arrest on civil process during attendance, and for a reasonable time in going and coming;' . . ."

— (2) —

We also hold that service of summons on Frank A. Mitchell in Saline County (who was a resident of Saline County) was properly quashed. The court properly heard testimony on Mitchell's motion to quash and on all motions to quash, for unless, as we have pointed out, there were a *bona fide* resident defendant against whom appellant had a *bona fide* claim, the Saline Circuit Court was without jurisdiction to hear the cause. "Courts having jurisdiction over the subject-matter of any litigation necessarily have inherent power to determine when the parties thereto have been properly brought into court." *Pruitt* v. *International Order of Twelve, Knights & Daughters of Tabor,* 158 Ark. 437, 250 S. W. 331.

After a careful review of all of the testimony on the motions to quash, we fail to find any substantial evidence upon which to base any claim of liability against either Frank A. Mitchell or Willis Townsend, as alleged in appellant's complaint and amendments thereto. The testimony appears uncontradicted by appellant that Frank Mitchell had nothing to do with appellant's store or business or assets until his appointment as receiver by the Federal Court, and his subsequent acts all appear to have been under the authority of that court.

Appellant earnestly contends that the trial court, by hearing testimony on the motions to quash, has invaded the province of the jury. We cannot agree. The primary purpose in hearing testimony was to determine the court's jurisdiction of the cause and when no substantial evidence was offered by appellant to show any liability of either Mitchell or Townsend and that either was a *bona fide* defendant of Saline County, it became a question of law for the court to decide: "Where testimony on the issue of defendant's residence for service of process was undisputed, the conclusion deducible

therefrom was one of law.'' *McGill* v. *Miller,* 183 Ark. 585, 37 S. W. 2d 689, (Headnote 1).

Finding no error, the judgment is affirmed.

MILLWEE, J., not participating.