FIRSTSOUTH, P.A. *v.* Harvey L. YATES, Judge, and
WYNNE FEDERAL SAVINGS & LOAN
ASSOCIATION

84-317                                                    689 S.W.2d 532

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Ramsay, Cox, Lile, Bridgeforth, Gilbert, Harrelson & Starling*, by: *Kimberly W. Tucker*, for petitioner.

*Farris, Warfield & Kanaday*, by: *H. Naill Falls, Jr.*; and *John N. Killough*, for respondents.

GEORGE ROSE SMITH, Justice. Wynne Federal Savings & Loan Association brought an action for fraud against the petitioner, FirstSouth, a federal savings and loan association having its principal place of business in Jefferson County. The action was brought in Cross County, where the plaintiff, Wynne Federal, has its main office. FirstSouth moved to quash the service and dismiss the complaint, for improper venue. Wynne Federal answered that it could sue in the county of its residence under Act 642 of 1983. Ark. Stat. Ann. § 27-611 (Supp. 1983). The trial judge agreed and denied the motion to dismiss. On application to this court for a writ of prohibition under Rule 29(1)(f), we granted a temporary writ and directed that the question be briefed. We now decide the issue of jurisdiction and make the temporary writ permanent.

Wynne Federal's complaint states a cause of action for fraud and deceit. It alleges that in 1982 FirstSouth asked Wynne Federal to participate in a $20,000,000 loan that FirstSouth was negotiating with a prospective borrower in Texas. The money was to be used in a real estate development known as Sundance Resort Condominiums, in Palm Springs, California. Wynne Federal purchased a $1,000,000 certificate evidencing its participation in the investment. The certificate recited some fundamental details and referred to the Trust Agreement for additional information.

The complaint alleges that FirstSouth misrepresented the Sundance project by saying that it was to be a new development when in fact the loan was to restructure an existing development that had had substantial economic problems. The complaint also alleges that FirstSouth negligently failed to investigate the guarantor's financial statement and the appraisal of the Sundance development. Wynne Federal's reliance on FirstSouth's misrepresentations and nondisclosures will allegedly result in a loss of several hundred thousand dollars. The prayer is for compensatory and punitive damages or for rescission and damages.

On its face the complaint does not state a cause of action within the venue fixed by Section 27-611, which applies to actions "for damages to personal property by wrongful or negligent act." That is, a suit for damages resulting from misrepresentations that brought about an unsound investment of money is not an action for damages to personal property. A review of the history of the statute confirms that conclusion.

Section 27-611 actually had its origin in a different act, which dealt with the venue of suits for personal injuries and wrongful death. For many years such suits, when brought against certain public utilities and other corporations, could be filed in counties other than the one in which the company had its principal place of business. Act 314 of 1939, called the Venue Act, localized the venue of actions for personal injury or wrongful death in either the county "where the accident occurred" which caused the injury or death or the county where the person injured or killed resided at the time of the injury. Ark. Stat. Ann. § 27-610 (Repl. 1979). That act has remained in force without amendment since its enactment 46 years ago. Its background was stated in its emergency clause. See *Missouri Pac. R.R. v. Kincannon*, 203 Ark. 76, 156 S.W.2d 70 (1941).

The Venue Act had a defect in that a plaintiff might have to sue for his personal injuries in either of two counties, but he might have to sue for the simultaneous damage to his car in yet a third county, that in which the defendant resided. That oversight was corrected by Act 182 of 1947. It provided, repeating the language of the Venue Act, that actions for damages to personal property by wrongful or negligent act might be brought either in the county "where the accident occurred" which caused the damage

or in the county of the residence of the owner of the property at the time. That act was the predecessor of Section 27-611 as it now reads. For a ready comparison of that section in 1947 with the changes made by amendments in 1977 and 1983, we set out the wording of the three successive versions:

> *Act 182 of 1947.* Any action for damages to personal property by wrongful or negligent act may be brought either in the County where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.

> *Act 830 of 1977.* Any action for damages to personal property by wrongful or negligent act, or for the conversion of personal property, may be brought either in the county where the accident occurred which caused the damage, or in the county where the property was converted, or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.

> *Act 642 of 1983.* Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought either in the county where the damage occurred, or in the county where the property was converted, or in the county of residence of the person who was the owner of the property at the time the cause of action arose.

Our decisions have consistently kept the history of Section 27-611 in mind as we have interpreted it in its original form and as amended in 1977. In 1952 we held that the venue fixed by the 1947 act did not apply to actions for the conversion of personal property. *Terry* v. *Plunkett-Jarrell Grocer Co.,* 220 Ark. 3, 246 S.W.2d 415, 29 A.L.R. 1264 (1952). That decision was unquestionably right, for the conversion of personal property, such as the theft of a car, does not arise from an accident and does not necessarily damage the chattel taken. Twenty-five years after the *Terry* decision the legislature amended the act by expressly including the conversion of personal property and fixing the place of conversion as an alternative venue. Act 830 of 1977, quoted above.

In 1982 it was argued that the statute embraced negligent damage to a car while it was in the hands of a garageman for repairs. We unanimously held that the statute did not apply because the action arose out of a contract and did not involve an accident or violence or a conversion. *Hooper* v. *Zajac*, 275 Ark. 5, 627 S.W.2d 2 (1982). Another case later that year was based on the negligence of a repairman who allowed a boat to sink into a lake. That case was closer, because the sinking might have been regarded as an accident involving force, but the majority took the opposite view. *Beatty* v. *Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982).

The legislature, doubtless in response to *Hooper* and *Beatty*, amended the statute by Act 642 of 1983, also quoted above. That act made two changes: (1) The reference to wrongful or negligent act was extended by the addition of "whether arising from contract, tort, or conversion"; and (2) the words "where the damage occurred" were substituted for "where the accident occurred."

In the case at bar a plaintiff, Wynne Federal, argues for the first time that an action "for damages to personal property by wrongful or negligent act" means an economic injury to the owner of intangible property, here an investment of a million dollars represented by a typewritten participation certificate.

■■ We are not persuaded by that argument. We know that from the outset, in 1947, the reference to actions "for damages to personal property by wrongful or negligent act" has meant a physical damage to tangible property, because the purpose of the statute was to permit actions for that kind of damage to be joined with actions for personal injury and wrongful death. That exact language has not been changed during the 38 years since it was first used. The particular amendments that have been made, bringing in actions for conversion and for damages by wrongful or negligent act arising nonaccidentally or from contract, carry no implication that injury to intangible property or the sustaining of an economic loss is being brought within the legislative intent.

■■ Our fundamental duty, of course, is to give effect to the legislative purpose, whatever that seems to be. Since statehood it has been a basic rule of venue that a defendant is to be sued in the county where he lives or is summoned. Revised Stats., Ch. 116, § 4 (1838); Ark. Stat. Ann. § 27-613 (Repl. 1979). Actions

pertaining to land and actions within the Venue Act have been the principal exceptions to the general rule. But if Wynne Federal's interpretation of the 1983 statute prevails, a drastic and far-reaching change in our law will have taken place. For if an action for "damages to personal property by wrongful or negligent act" includes an action for a misrepresentation of the value of an investment, there is no limit to the new meaning of the statute. How can the line be extended that far without also encompassing an action for breach of a contract to buy a car, an action for libel or slander, an action for a wrongful interference with contractual relations, an action for breach of warranty, an action for fraud in the sale of stock, and so on? The matter of venue would certainly be in turmoil until settled by specific legislation or case-by-case court decisions.

In sum, FirstSouth's alleged misstatements did not cause damage to Wynne Federal's personal property. In fact, Wynne Federal did not even own the property when the misrepresentations and negligent conduct occurred. We are convinced that the legislature, by adding a few words to the statute for a known and limited purpose, did not intend to bring about the comprehensive changes in our venue laws that would result from sustaining Wynne Federal's argument.

The temporary writ of prohibition is made permanent.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Venue in actions for damages to personal property, by wrongful or negligent act, was established by Act 182 of 1947 (Ark. Stat. Ann. § 27-611). Such actions were proper in the county where the accident occurred or the county where the owner of the damaged property resided at the time the cause of action arose. This Court interpreted the statute in the case of *Terry* v. *Plunkett-Jarrell Grocer Co.*, 220 Ark. 3, 246 S.W.2d 415 (1952), and held that it pertained to physical injury to personal property. The legislature attempted to correct the effects of *Terry* by enacting Act 830 of 1977. The 1977 Act added the words "or for the *conversion* of personal property." The statute already provided for damages to personal property caused by *wrongful* or *negligent* acts.

We interpreted Act 830 in the case of *Beatty* v. *Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982), and the majority held that the

statute required damages to be the result of actual force or violence. I stated in the dissent in *Beatty* that the Act did not in any shape, form or fashion require damages to be the result of actual force or violence. I stated then and I restate now that this is pure judicial legislation without any rational reason or purpose.

In any event the legislature again attempted to remedy the situation by enactment of Act 642 of 1983. This Act added the word "tort" to Ark. Stat. Ann. § 27-611. The statute, at the time this action was commenced, provided that damages to personal property caused by *wrongful* or *negligent* act, whether arising from *contract, tort,* or *conversion,* could be brought in the county where the loss occurred or in the county where the owner resided. I submit that the General Assembly intended to cover all loss, damage or destruction to personal property under this statute. I can see no other manner in which a statute carrying out this intent could be worded unless the word "injury" were added to or substituted for the word "damages."

In the case at bar the respondent without doubt suffered damages or injury to personal property; i.e., money. It is equally clear that the loss occurred at Wynne in Cross County. That is both the place where the loss occurred and where the owner resided. Common sense dictates that venue is proper in Cross County. Therefore, I would dissolve the writ.