WILSON-PUGH, INC. and Gay Gibbs TIPPS *v.*
Honorable H.A. TAYLOR and NATIONAL BANK OF
COMMERCE OF PINE BLUFF

86-11                                                        709 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered May 19, 1986

*Griffin, Rainwater & Draper*, by: *Richard E. Griffin*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, for appellee.

DAVID NEWBERN, Justice. A permanent writ of prohibition is sought to prohibit the Jefferson County Circuit Court from trying this conversion action. We previously granted a temporary writ. The issue is whether the holder of a security interest in a crop may bring an action for conversion of that interest in the county of his residence pursuant to Ark. Stat. Ann. § 27-611 (Supp. 1985). We hold he may not, and thus the writ is made permanent.

Craig Shackleford Farms, Inc., (Shackleford) borrowed money from appellee National Bank of Commerce of Pine Bluff (NBC). NBC obtained a security interest in Shackleford's cotton crop. Shackleford filed bankruptcy proceedings in March, 1985. At some time in 1985 NBC learned that appellant Wilson-Pugh had written checks to Shackleford with respect to the cotton in question without including NBC as a payee. NBC alleged in its complaint that this was a sale of the cotton resulting in a conversion of their interest. Petitioner Gay Gibbs Tipps was alleged to be the bookkeeper for Wilson-Pugh and for Shackle-

ford. NBC asked for compensatory and punitive damages from the petitioners, jointly and severally.

The petitioners moved to dismiss on the basis of improper venue, contending that Wilson-Pugh, a domestic corporation, has its principal place of business in Ashley County, that Gay Gibbs Tipps resides there also, that both were served there, and that there is no basis for laying venue in Jefferson County. The motion to dismiss was overruled.

Ark. Stat. Ann. § 27-611(a) (Supp. 1985) is as follows:

Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought either in the county where the damage occurred, or in the county where the property was converted, or in the county of residence of the person who was the owner of the property at the time the cause of action arose.

The contention of respondent NBC is that it had a sufficient ownership interest to permit venue to be properly laid in Jefferson County, the county of its residence.

Whether NBC can sustain its contention of having an ownership interest and whether it can state facts sufficient to show a conversion of that alleged interest need not be decided at this stage of the litigation. As we pointed out in *FirstSouth, P.A. v. Yates*, 286 Ark. 82, 689 S.W.2d 532 (1985), which thoroughly discussed the history of § 27-611, the opening words of the statute, "[a]ny action for damages to personal property . . . ." had not been changed for thirty-eight, now thirty-nine, years. In the *FirstSouth* case, we held the statute did not apply where a misrepresentation resulting in an investment and subsequent loss of money were alleged. We said it was not the intent of the General Assembly to permit a plaintiff alleging an injury to an intangible, or an economic injury, to bring it in his home county. We pointed out the long line of decisions holding strictly that the statute extended venue to the county in which the owner of property resides only when there was a statement of "physical damage to tangible property."

Although it could be argued that *FirstSouth* is distinguishable because it was not a conversion case, and that the General

Assembly, by adding "conversion" actions to § 27-611, must have intended it to apply to all conversion actions, we cannot agree. The statute remains one in which venue is prescribed for actions for damages to personal property.

If the General Assembly had intended to allow any conversion action, whether of tangible or intangible personalty, to be brought in the county of the residence of the owner of the alleged converted interest, it could easily have said so without tying conversion to the "damages to personal property" language which has been the subject of such consistent and strict interpretation.

The temporary writ of prohibition is made permanent.

PURTLE, J., not participating.