FRASER BROS., Duane Fraser and Rudy Fraser
*v.* DARRAGH COMPANY

93-287                                                871 S.W.2d 367

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*Fletcher C. Lewis*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *James M. McHaney, Jr.*, for appellee.

JACK T. LASSITER, Special Chief Justice. The appellants, Fraser Bros., Duane Fraser, and Rudy Fraser appealed from the trial court's order dismissing their complaint filed in Woodruff County for improper venue. We affirm.

Appellants' complaint asserted that Fraser Bros. was a Woodruff County farming partnership and that Duane Fraser and Rudy Fraser were general partners and residents of Woodruff County. The complaint alleged that appellee Darragh Company was an Arkansas corporation with its registered agent for service in Little Rock, Arkansas. The complaint also alleged that Darragh Company did business in Woodruff County, Arkansas, in its own capacity and through its broker. The complaint alleged that Fraser Bros. had sold corn to Darragh Company in September, 1992, in two different loads delivered to Darragh's mills in Conway and Searcy. Fraser Bros. claimed sale prices of $11,475.68

and $11,227.89, respectively. Appellants alleged that Darragh Company refused to pay for the corn in bad faith and intentional violation of their contract. Appellants sought damages in the amount of the sale price of the corn.

Darragh Company answered and moved to dismiss pursuant to ARCP, Rule 12(b)(3), arguing Woodruff County, the residence of appellants, was improper venue. Appellants responded asserting that venue was proper relying upon Ark. Code Ann. §16-60-113(a)(1987), which provides —

> (a) Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought either in the county where the damage occurred, or in the county where the property was converted, or in the county of residence of the person who was the owner of the property at the time the cause of action arose.

The trial court properly dismissed the complaint for improper venue. When two actions are pled which would lie in different venues, venue is determined by the real character of the action, the principal right being asserted. *Atkins Pickle* v. *Burrough-Uerling-Brasuell*, 275 Ark. 135, 628 S.W.2d 9 (1982). Appellants' cause of action was based on nonpayment of a debt or breach of contract. Those causes of action must be brought in the county of the defendant's residence or where the defendant is summoned. Ark. Code Ann. §16-60-111 and 116(a)(1987).

The appellants' complaint did not allege facts sufficient to establish venue in Woodruff County against the defendant corporation. First, the allegation that Defendant Darragh Company did business in Woodruff County was insufficient alone to establish venue in that county. Appellants did not allege that Darragh Company had its principal office in Woodruff County, was situated there, or that its chief officer resided there as required by Ark. Code Ann. §16-60-104 (1987). Second, we need not consider whether the corn was damaged within the meaning of Ark. Code Ann. §16-60-113(a)(1987), which was relied upon by the appellants, because the appellants have failed to plead facts sufficient to establish an ownership interest in the corn by Fraser Bros., Duane Fraser or Rudy Fraser after its delivery to the

appellee. Appellants' complaint asserted that the corn was sold to Darragh company at the Searcy and Conway mills. Therefore, the appellants' complaint pled facts passing title of the corn to Darragh company. Pursuant to Ark. Code Ann. §4-2-401 (Repl. 1991), title passes upon delivery. Since the complaint does not contain additional facts asserting appellants' ownership of the corn subsequent to the delivery to Darragh Company, we need not consider the applicability of Ark. Code Ann. §16-60-113(a)(1987).

■ The trial court correctly granted the appellee's motion to dismiss pursuant to Rule 12(b)(3) for failure to state proper venue.

Affirmed.

All Associate Justices join, including Special Associate Justices Eddie Walker and Curtis Hogue.

HOLT, C.J., DUDLEY and CORBIN, JJ., not participating.