HENDERSON SPECIALTIES, INC. *v.* BOONE COUNTY CIRCUIT COURT

98-410                                               971 S.W.2d 234

Supreme Court of Arkansas
Opinion delivered July 9, 1998

*Peel & Simons, P.A.*, by: *John R. Peel*, for petitioner.

*Johnny L. Nichols* and *Gail Inman Campbell*, for respondent.

DONALD L. CORBIN, Justice. Petitioner Henderson Specialties, Inc., of Russellville petitions this court for a writ of prohibition against Respondent Boone County Circuit Court; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). Petitioner raises two points in support of its petition, arguing that Respondent does not have venue to hear the action that Quality Feed Grains, Inc. (Quality), brought against Petitioner. We deny the writ.

On April 11, 1990, Petitioner filed suit against Quality and its owners in the Boone County Chancery Court, seeking foreclosure on a materialman's lien. Petitioner, through its agent Paul Henderson and its employees, had performed construction in 1989 for Quality, consisting of additions and improvements to Quality's existing feed mill in Boone County. Quality counterclaimed, alleging negligent construction. On April 8, 1993, the Boone County Chancery Court transferred Quality's counterclaim to the Pope County Circuit Court, as it was not an equity matter, and, on April 21, 1993, rendered judgment in favor of Petitioner in the foreclosure action. On December 19, 1995, the Pope County Circuit Court granted Quality's motion for voluntary nonsuit of its counterclaim.

On December 17, 1996, Quality refiled its counterclaim against Petitioner in the Boone County Circuit Court, alleging negligent construction and seeking both compensatory and punitive damages. On April 29, 1997, Petitioner moved for dismissal pursuant to ARCP Rule 12(b)(3), on the basis that Quality failed to state facts to establish venue in the Boone County Circuit Court.[1] The circuit court denied Petitioner's motion to dismiss in an order entered on March 3, 1998, finding that Boone County is the proper place of venue for the action. Petitioner next filed this petition.

■ A writ of prohibition is extraordinary relief; hence, we grant it only when the trial court completely lacks, or exceeds, its jurisdiction, and there is no other remedy available. *Boatman's Nat'l Bank v. Cole*, 329 Ark. 209, 947 S.W.2d 362 (1997). Venue, however, is a procedural, rather than jurisdictional, issue. *Id.* This court will grant a writ of prohibition for improper venue only when there are no disputed facts regarding venue. *Prairie Implement Co., Inc. v. Circuit Court of Prairie County*, 311 Ark. 200, 844 S.W.2d 299 (1992). A writ of prohibition is also inappropriate where the inferences drawn from undisputed facts might lead to different legal conclusions about their effect. *See Porter Foods, Inc. v. Brown*, 281 Ark. 148, 661 S.W.2d 388 (1983) (holding that the writ should not be granted if personal jurisdiction turns on a question of fact, which the trial court should properly determine). *See also Tucker Enterprises, Inc. v. Hartje*, 278 Ark. 320, 650 S.W.2d 559 (1983); *Wisconsin Brick & Block Corp. v. Cole*, 274 Ark. 121, 622 S.W.2d 192 (1981).

■ Petitioner first argues that Quality's complaint fails to state facts supporting Respondent's finding that venue is properly in the Boone County Circuit Court. In order to determine if a complaint lacks facts to support venue, our review is limited to the pleadings; thus, the proof is irrelevant. *Boatman's*, 329 Ark. 209, 947 S.W.2d 362. We must also ascertain the character of the action and the primary right asserted from the face of the com-

---

[1] Petitioner also moved for dismissal on the basis of Quality's failure to serve the complaint within 120 days. The trial court, however, had granted an extension for service of process and found that Quality had presented "good cause" for such extension.

plaint. *Fraser Bros. v. Darragh Co.*, 316 Ark. 297, 871 S.W.2d 367 (1994). Accordingly, we review the complaint in depth.

Paragraph No. 1 of the complaint alleges that Quality, is an Arkansas business corporation, "with its principal place of business being situated in Boone County[.]" Paragraph No. 2 further alleges that Petitioner is an Arkansas business corporation, "with its principal place of business being situated in Russellville, Pope County, Arkansas." Paragraph No. 3 alleges "[t]hat this Court has jurisdiction of the subject matter of the Complaint, and of the parties hereto, and venue for [Quality's] cause of action is proper with this Court." Paragraph Nos. 4 and 5 allege that Quality "operates a feed mill in Boone County," and, further, that Quality contacted Petitioner in August of 1989 about the feasibility of constructing improvements to the Boone County feed mill. Paragraph Nos. 6, 7, and 8 provide in relevant part:

(6)

That [Petitioner] . . . made numerous material and specific representations to the representatives of [Quality] that [Petitioner] was a specialized construction company which specialized in the construction of feed mills and additions to feed mills . . . and that [Petitioner], its representatives and employees . . . could construct the improvements and make the requested additions to the existing feed mill of [Quality] . . . .

(7)

That [Petitioner] . . . failed to construct the improvements and additions to feed mill of [Quality] within the degree of skill and care ordinarily possessed and used by such contractors doing work of similar nature, and further failed to construct said improvements with the proper standards of the construction industry.

(8)

*That [Petitioner] . . . improperly and negligently constructed the improvements and additions to the feed mill of [Quality] which resulted in serious damages being sustained to the existing feed mill of [Quality], and specifically serious damages were sustained to many of the specialized parts of the feed mill including but not limited to the pellet mill, scales, cables, hammermill, spouting, cooling system, bins, and many other integral parts of the feed mill.* [Emphasis added.]

■ The complaint further alleges compensatory and punitive damages sustained by Quality's mill, and the items of personal property set forth in Paragraph No. 8, which were necessarily located in Boone County. Paragraph No. 10 alleges that Petitioner directly and proximately caused the alleged damages in Boone County through its improper construction and negligent workmanship. We conclude that Quality adequately pled facts to support venue in Boone County, and that Respondent properly determined venue on disputed facts and inferences therefrom. This court has repeatedly held that prohibition will not lie in such circumstances. *Porter Foods*, 281 Ark. 148, 661 S.W.2d 388; *Murry v. Maner*, 230 Ark. 132, 320 S.W.2d 940 (1959); *Finley v. Moose*, 74 Ark. 217, 85 S.W. 238 (1905).

■ Paragraph Nos. 8 and 10 also reveal that the primary action asserted sounds in tort. To state a claim for negligence, a plaintiff must allege that it sustained damages, that the defendant was negligent, and that the defendant's negligence was a proximate cause of the damages. *Arkansas Kraft v. Cottrell*, 313 Ark. 465, 855 S.W.2d 333 (1993). Because Quality alleges that it has sustained damages, that Petitioner was negligent in its construction, and that Quality's damages were proximately caused by Petitioner's negligence, we conclude that the complaint adequately pleads a claim for negligent construction.

■ We refute Petitioner's reliance on this court's holding in *Malone and Hyde, Inc. v. Chisley*, 308 Ark. 308, 825 S.W.2d 558 (1992), as that situation involved nonresident parties in a personal-jurisdiction dispute. None of the Arkansas venue statutes were at stake.

Petitioner also argues that venue may not be had in Boone County, Quality's county of residence, under Ark. Code Ann. § 16-60-113(a) (1987), because Quality's damages were not caused by force or violence. Petitioner mistakenly relies on our holdings in *Hooper v. Zajac*, 275 Ark. 5, 627 S.W.2d 2 (1982) and *Beatty v. Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982). Both of those cases were decided before the Arkansas General Assembly amended section 16-60-113(a) by enacting Act 642 in 1983. Section 16-60-113(a) has since provided:

*Any* action for damages to personal property by wrongful or negligent act, *whether arising from contract, tort, or conversion of personal property,* may be brought either *in the county where the damage occurred,* or in the county where the property was converted, *or in the county of residence of the person who was the owner of the property at the time the cause of action arose.* [Emphasis added.]

In *FirstSouth, P.A. v. Yates,* 286 Ark. 82, 689 S.W.2d 532 (1985), this court rejected the appellant's argument that damages to intangible property fell within the scope of former Ark. Stat. Ann. § 27-611 (1947), now codified as section 16-60-113(a). This court discussed the evolution of that statute:

The legislature, doubtless in response to *Hooper* and *Beatty,* amended the statute by Act 642 of 1983, . . . . That act made two changes: (1) The reference to wrongful or negligent act was extended by the addition of "whether arising from contract, tort, or conversion"; and (2) the words "where the damage occurred" were substituted for "where the accident occurred."

Id. at 86, 689 S.W.2d at 534.

■ Thus, Act 642 was specifically amended to include "actions for conversion and for damages by wrongful or negligent act arising *nonaccidentally* or from contract[.]" *Id.* (emphasis added). This court further reiterated that since 1947, the reference to personal property has meant physical damage to *tangible* property, as we have here.

■ In sum, we conclude that Quality's complaint sufficiently stated a claim for negligent construction, alleging that the damage to Quality's personal property occurred in Boone County. Clearly, section 16-60-113(a) supports the trial court's ruling, as it allows an action in tort, contract, or conversion to be brought in the county where the damage occurred.

Accordingly, we deny the writ of prohibition.