PREMIUM AIRCRAFT PARTS, LLC,
and Christopher Roger Baker *v.*
The CIRCUIT COURT of CARROLL COUNTY;
The Honorable Alan D. Epley, Judge;
Performance Aircraft Parts, Inc., and
Performance Aircraft Power Plants, Inc.

01-888                                          69 S.W.3d 849

Supreme Court of Arkansas
Opinion delivered March 14, 2002

*Hardin, Jesson & Terry, PLC,* by: *Robert M. Honea,* for petitioners.

*Vowell & Atchley,* by *Russell C. Atchley, P.A.,* for respondents.

ANNABELLE CLINTON IMBER, Justice. A writ of prohibition is sought to prohibit the Carroll County Circuit Court from proceeding in connection with an action brought by Performance Aircraft Parts, Inc., and Performance Aircraft Power Plants, Inc., against Premium Aircraft Parts, LLC, and Christopher Baker.[1] In support of the petition, Premium and Baker argue that Performance may not bring an action for misappropriation of trade secrets, dilution of trade name, or breach of fiduciary duty in the county of its residence pursuant to Ark. Code Ann. § 16-60-113(a) (1987). We agree and grant the writ.

On March 27, 2001, Performance filed a complaint in Carroll County Chancery Court alleging that Premium, a Texas limited liability company with its principal place of business in Sebastian County, and Baker, a resident of Sebastian County, had misappropriated trade secrets in the form of customer lists and vendor lists, and that Premium's use of the trade name "P.A.P., Inc." was likely (1) to dilute the distinctive quality of the trade name and (2) to cause injury to the businesses and reputation of Performance. The complaint also alleged that Baker had breached his fiduciary duty to Performance and its shareholders. Baker was terminated as an employee of Performance on or about March 2, 2001. Shortly thereafter, he and co-defendant William DeArman, a resident of Texas, formed Premium, which is a competitor of Performance in the purchase and sale of aircraft parts. In its prayer for relief, Performance seeks compensatory damages and the issuance of a temporary restraining order enjoining Premium and Baker from using Performance's customer lists and vendor lists, and enjoining Premium from using the trade name "P.A.P., Inc.," and certain telephone numbers.

---

[1] Though the style of the petition is also couched in terms of an individual circuit judge, prohibition lies to the circuit court and not to a judge. *Ford v. Wilson,* 327 Ark. 243, 939 S.W.2d 258 (1997) (citing *Lee v. McNeil,* 308 Ark. 114, 823 S.W.2d 837 (1992)).

The petitioners and DeArman moved to dismiss on the basis of improper venue, contending that they are not residents of Carroll County, that they were not served there, and that there is no basis under the governing venue statute, Ark. Code. Ann. § 16-60-116 (1987), for laying venue in Carroll County. The motion to dismiss was granted as to the only cause of action against DeArman. The circuit court, however, denied the motion as to Premium and Baker, finding that "the Plaintiffs' other causes of action assert claims for conversion of personal property within the meaning of A.C.A. § 16-60-113," and concluding that venue is proper in Carroll County as to the claims asserted by "the Plaintiffs' against the separate Defendant Premium Aircraft Parts, LLC, and Christopher Baker as Carroll County is the residence of the Plaintiffs for venue purposes."[2]

The petitioners next filed a petition for a writ of prohibition in this court, contending that venue was not proper in Carroll County. In response, Performance asserts that its action against the petitioners should be allowed to remain in Carroll County pursuant to Ark. Code Ann. § 16-60-113(a), and the writ should be denied.

■■ A writ of prohibition is an original action in this court under which we may consider the issue of whether venue is proper in the Carroll County Circuit Court. In *Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000) (*per curiam*), we stated the requirements for a writ of prohibition:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. The writ is appropriate only when there is no other remedy, such as an appeal, available. When deciding whether prohibition will lie, we confine our review to the pleadings in the case.

*Id.* at 131, 27 S.W.3d at 374 (citations omitted). Where the issue of the writ of prohibition alleges improper venue, this court will grant the writ only when there are no disputed facts regarding venue. *Henderson Specialties Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998). Furthermore, we will look only to the

---

[2] Pursuant to the passage of Arkansas Constitutional Amendment 80, which went into effect on July 1, 2001, our state courts are no longer separated into chancery and circuit courts. Rather, these courts have merged and now carry only the designation of "circuit court." Therefore, although the trial court in this case was originally a chancery court, it will herein be referred to as the circuit court.

pleadings to determine if a complaint lacks sufficient facts to support venue, and we ascertain the character of the action and the primary right asserted from the face of the complaint. *Id.*

In *Quinney v. Pittman*, 320 Ark. 177, 183, 895 S.W.2d 538, 541 (1995), we stated that "[i]t is our fundamental duty, of course, to give effect to the legislative purpose set by the venue statutes." The two venue statutes at issue are sections 16-60-113(a) and 16-60-116(a). Section 16-60-113(a) is the specific venue statute for actions for damages to personal property by wrongful or negligent action. Specifically, it provides:

> (a) Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought either in the county where the damage occurred, or in the county where the property was converted, or in the county of residence of the person who was the owner of the property at the time the cause of action arose.

Ark. Code Ann. § 16-60-113(a) (1987). Section 16-60-116(a) governs other actions and provides: "(a) Every other action may be brought in any county in which the defendant, or one (1) of several defendants, resides or is summoned." Ark. Code Ann. § 16-60-116(a) (1987).

This court reviews issues of statutory construction *de novo*, as it is for this court to decide what a statute means. *Stephens v. Arkansas School for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Stephens v. Arkansas School for the Blind, supra.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999). In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* If the language of a statute is unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Id.*

Section 16-60-113(a) first identifies the type of action and then specifies where venue is proper. The claim must state a cause of "action for damages to personal property by wrongful or negligent

act." The cause of action may arise from "contract, tort, or conversion of personal property." If these requirements are met, venue is proper in any of the following counties: the county where the damage occurred; the county where the property was converted; or the county in which the plaintiff resides.

■ Section 16-60-113(a) fails, however, to specify the type of damages or the type of personal property that must be the subject of the action. It, therefore, falls to this court to construe the phrase "damages to personal property." Where the meaning of a statutory phrase or term is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Ford v. Keith, supra.* A review of the history of the statute and our case law reveals that there must be physical damage to tangible personal property.

Section 16-60-113(a) traces its origins to Act 314 of 1939, the Venue Act, which permitted an action for personal injury or wrongful death to be filed in the county where the accident occurred or in the county where the person injured or killed resided at the time of the injury. *FirstSouth, P.A. v. Yates,* 286 Ark. 82, 689 S.W.2d 532 (1985). The Venue Act had a defect in that a plaintiff might have to sue for personal injuries in one of two counties and sue for damages to the car in yet a third county where the defendant resided. *Id.* The legislature corrected that defect by Act 182 of 1947 that permitted an action for damages to personal property by wrongful or negligent act to be brought in either the county where the accident occurred or in the county where the owner of the property resided at the time of the accident. Act 182 of 1947.[3] In 1952, we held that the 1947 amendments did not provide for venue where the action was based on conversion of personal property. *Terry v. Plunkett-Jarrell Grocer Co.,* 220 Ark. 3, 246 S.W.2d 415 (1952). Twenty-five years later, the legislature amended the venue statute to include conversion of personal property. Act 830 of 1977.[4] After the 1977 amendments, we held that venue did

---

[3] Act 182 of 1947 provided:

Any action for damages to personal property by wrongful or negligent act may be brought either in the County where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.

[4] Act 830 of 1977 provided:

Any action for damages to personal property by wrongful or negligent act, or for the conversion of personal property, may be brought either in the county where the accident

not lie where the action arose out of a contract and did not involve an accident or violence or a conversion. *Hooper v. Zajac*, 275 Ark. 5, 627 S.W.2d 2 (1982). *See also Beatty v. Ponder*, 278 Ark. 41, 642 S.W.2d 891 (1982). In 1983, the legislature again amended the statute to extend the reference to wrongful or negligent acts by the addition of "whether arising from contract, tort, or conversion," and to substitute the words "where the damage occurred" for the phrase "where the accident occurred." Act 642 of 1983.[5]

Since 1983, three decisions by this court have addressed the type of damage and the type of personal property contemplated under section 16-60-113(a). In *FirstSouth, P.A. v. Yates*, the complaint alleged that FirstSouth misrepresented the Sundance project as a new development when in fact the loan was to restructure an existing development. The complaint also alleged that FirstSouth negligently failed to investigate the guarantor's financial statement and the appraisal of the Sundance development. *FirstSouth, P.A. v. Yates*, 286 Ark. 82, 689 S.W.2d 532 (1985). This court stated that since 1947, "the reference to actions 'for damages to personal property by wrongful or negligent act' has meant a *physical* damage to tangible property, because the purpose of the statute was to permit actions for that kind of damage to be joined with actions for personal injury and wrongful death." *Id.* at 86, 689 S.W.2d at 534 (emphasis added). Furthermore, the amendments to the venue statute "carry no implication that injury to intangible property or the sustaining of an economic loss is being brought within the legislative intent." *Id.* Because there was no physical damage to tangible personal property in *FirstSouth*, venue was not proper under Ark. Stats. Ann. § 27-611, now codified at Ark. Code Ann. § 16-60-113(a). *Id.*

---

occurred which caused the damage, or in the county where the property was converted, or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.

    [5] Act 642 of 1983 is currently codified at Ark. Code Ann. § 16-60-113(a) (1987), and provides:

> Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought either in the county where the damage occurred, or in the county where the property was converted, or in the county of residence of the person who was the owner of the property at the time the cause of action arose.

The most recent amendment by the legislature added section (b) providing alternative venues for actions based on fraud. *See* 1985 Ark. Acts 921, codified at Ark. Code Ann. § 16-60-113(b) (1987).

In *Wilson-Pugh, Inc. v. Taylor*, 289 Ark. 102, 709 S.W.2d 93 (1986), the issue was "whether the holder of a security interest in a crop may bring an action for conversion of that interest in the county of his residence pursuant to Ark. Stat. Ann. 27-611." *Id.* at 103, 709 S.W.2d at 93. This court noted that "the opening words of the statute, '[a]ny action for damages to personal property . . .' had not been changed for . . . thirty-nine years." *Id.* at 104, 709 S.W.2d at 94. We reiterated what this court said in the *FirstSouth* case: "[I]t was not the intent of the General Assembly to permit a plaintiff alleging an injury to an intangible, or an economic injury, to bring it in his home county . . . the statute extended venue . . . only when there was a statement of 'physical damage to tangible property.'" *Id.*

■ In *Henderson Specialties Inc. v. Boone County Circuit Court, supra*, we considered whether venue was proper in the county where the plaintiff resided for a claim of negligent construction of improvements to a mill. Based on an analysis of the pleadings, we determined that because plaintiff pleaded that the negligent construction resulted in damage to the original mill, the action sounded primarily in tort resulting in physical damage to tangible property. Once again, we noted that "since 1947, the reference to personal property has meant physical damage to *tangible* property, as we have here." *Id.* at 117, 971 S.W.2d at 237 (emphasis in original). Fifty-five years after its original enactment, section 16-60-113(a) continues to use the same opening words, "[a]ny action for damages to personal property," and our case law has consistently construed that language to extend venue to the county where the owner of the property resides only when an action states a claim for physical damage to tangible personal property.

In this case, we examine the face of the complaint to determine whether it states sufficient facts to establish venue under section 16-60-113(a). Paragraph No. 1 identifies the residence of the parties and asserts that (a) the plaintiff companies (Performance) are Arkansas corporations, and each company has its principal place of business in Carroll County; (b) the defendant Premium is a Texas LLC registered to do business in Arkansas, with its primary place of business in Sebastian County; (c) the defendant Baker is a resident of Sebastian County; and (d) the defendant DeArman is a resident of Texas. Because no defendant is a resident of Carroll County, venue would not be proper in Carroll County under section 16-60-116(a), which limits venue to counties in which a defendant resides or is summoned. For venue to be proper, the character and nature of the complaint must meet the requirements of section 16-60-113(a), *i.e.*, there must be a statement of "physical damage to

tangible property." Therefore, we continue our examination of the complaint to ascertain if it states facts sufficient to support venue in Carroll County.

Paragraph Nos. 2 through 6 contain a description of the corporate history of the Performance companies, as well as the positions held by the parties in those companies. Paragraph No. 7 alleges that shortly after defendant Baker's employment at Performance was terminated, he and defendant DeArman formed a limited liability company in Texas for the purpose of competing with Performance. In Paragraph Nos. 8 through 12, Performance alleges misappropriation of trade secrets in the form of vender and customer lists, and Performance seeks a temporary restraining order and compensatory damages. In Paragraph Nos. 13 through 16, Performance alleges dilution of the trade name, "P.A.P., Inc.," and unfair competition. Included in this count is a request for compensatory damages and a temporary order enjoining the defendant Premium from using the "P.A.P., Inc." trade name. Finally, in Paragraph Nos. 17 through 23, Performance alleges breach of fiduciary duty on the part of the defendant Baker, and Performance seeks compensatory damages and a temporary order enjoining the defendant Premium from using certain telephone numbers.

Based upon the above in-depth review of the allegations contained in the complaint filed by Performance in Carroll County, it is clear that Performance has not asserted any physical damage to personal property, but instead claims an economic injury. This court has consistently held that an economic injury alone is not sufficient to establish venue under section 16-60-113(a). *Henderson Specialties Inc. v. Boone County Circuit Court, supra; Wilson-Pugh, Inc. v. Taylor, supra; FirstSouth, P.A. v. Yates, supra.* Performance has failed to plead sufficient facts in its complaint to establish that it has suffered physical damage to tangible personal property as required by the statute. Moreover, the petitioners are not residents of Carroll County, and they were not served there. Accordingly, venue in Carroll County is improper, and the Carroll County Circuit Court is wholly without jurisdiction.

Writ of prohibition granted.