JB WAYNE, INC., Jerry Wayne, Barbara Wayne *v.*
HOT SPRINGS VILLAGE PROPERTY
OWNERS' ASSOCIATION

CA 06-453                                          248 S.W.3d 503

Court of Appeals of Arkansas
Opinion delivered January 31, 2007

*Hartsfield, Almand & Grisham, LLP*, by: *William Gregory Almand*, for appellants.

*Woods, Smith, Schnipper, Clay & Vines*, by: *John Thomas Vines*, for appellee.

D.P. MARSHALL JR., Judge. A failed restaurant raises questions about venue. JB Wayne, Inc., leased the 19th Hole restaurant from the Hot Springs Village Property Owners' Association. The business did not prosper. The parties terminated the lease in October 2002 and the Association re-let the premises. More than a year later, the Association sued JB Wayne, Inc., and Jerry and Barbara Wayne — who had guaranteed their corporation's obligations under the lease — for unpaid utility bills and missing smallwares. (Because Mr. and Mrs. Wayne pleaded no guarantor's defenses, we treat the appellants as one and refer to them as the Waynes unless the context requires specificity.) The Association allowed the Waynes to use what those in the trade call "smallwares" — dishes, glasses, flatware, utensils, ashtrays, and similar items. In their lease, the Waynes promised to pay the Association "all costs to return smallwares reflected on Exhibit 'A' to the same level and same or similar patterns, as the inventories were when received by [the Waynes]." The Association's

complaint sought a money judgment for smallwares shortages, unpaid utility bills, and attorney's fees — relying on the statute allowing fees in contract cases.

The case began in Garland County District Court, where the Waynes challenged venue. When the Association filed suit, Mr. and Mrs. Wayne resided in Saline County, and their corporation, JB Wayne, Inc., had no place of business other than the Waynes' home. After losing on venue, the Waynes defaulted on the merits and then sought de novo review in circuit court. There they again challenged venue, lost, and defaulted. They appeal, renewing their argument that venue was improperly laid in Garland County and seeking reversal of the default judgment in any event. After de novo review of the venue issue, we reverse and remand with these instructions: the circuit court shall dismiss this case without prejudice to all the parties reasserting in a proper venue any potential claim or counterclaim arising out of the lease.

1. The circuit court[1] held that venue was proper in Garland County pursuant to Ark. Code Ann. § 16-60-104 (Repl. 2005). This statute, with immaterial exceptions, allowed suit against a corporation such as JB Wayne, Inc., "in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides." The circuit court gave three reasons for its legal conclusion: JB Wayne, Inc., designated Garland County as its principal office in its articles of incorporation; the corporation had maintained an office in Garland County; and the corporation had not amended its registration with the Secretary of State to show a new principal office before the Association sued.

The Association defends venue under Ark. Code Ann. § 16-60-104 and argues Ark. Code Ann. § 16-60-113(a) (Repl. 2005) as an alternative basis. This second provision states:

> Any action for damages to personal property by wrongful or negligent act, whether arising from contract, tort, or conversion of personal property, may be brought:
>
> (1) In the county where the damage occurred;
>
> (2) In the county where the property was converted; or

---

[1] The Honorable Tom Smitherman decided the venue issue before he retired from the circuit bench.

(3)  In the county of residence of the person who was the owner of the property at the time the cause of action arose.

We give the words of both statutes their plain meaning, as supplemented by the judicial decisions interpreting them. *Premium Aircraft Parts, LLC, v. Circuit Court of Carroll County*, 347 Ark. 977, 981-82, 69 S.W.3d 849, 852 (2002).

2. The circuit court erred by applying the corporate venue statute. The 19th Hole was in Garland County. That location was undoubtedly the wellspring of the parties' dispute. But this lawsuit began more than a year after the parties had terminated the restaurant lease. The Association's complaint did not allege that JB Wayne, Inc., was doing business in Garland County, or was situated there, in 2004 when suit was filed. The parties offered proof on that issue. Mr. Wayne testified by affidavit that, by 2004, the corporation was not doing any business and if it was located anywhere it was at his home in Saline County. The Association did not and does not dispute this fact.

At the time of suit, JB Wayne, Inc., was moribund. It makes no legal difference under § 16-60-104 that the corporation had maintained its office and principal place of business at the 19th Hole in Garland County. The circuit court referred to the corporation's articles of incorporation in its order, but the articles are not in the record. They would not be dispositive anyway; all the facts about JB Wayne, Inc.'s operations that were in the record when the circuit court ruled must be evaluated to answer the venue question. *Belin v. West*, 315 Ark. 61, 64, 864 S.W.2d 838, 840 (1993). The printout from the Secretary of State's office, which is in the record, does not list a principal place of business for the corporation. Though it does list the address of the 19th Hole as the address for the corporation's registered agent (Mrs. Wayne), we do not find that listing controlling either. The Association knew when it filed this case that the Waynes had not been in possession of the restaurant for more than a year. The Association served JB Wayne, Inc., by serving Mr. Wayne (the corporation's president) at his home, not at the 19th Hole.

The statutory alternative to where the corporation is located — the county of the chief officer's residence — does not fix venue in Garland County either. Ark. Code Ann. § 16-60-104. The Waynes lived at 8 Pizarro Drive in Hot Springs Village. They were served at their home. Pizarro Drive runs through both Garland and

Saline Counties, and the complaint alleged that the Waynes lived in Garland County. They did not. The parties now agree the Waynes live in Saline County.

■ It is a commonsense — but inapplicable — legal rule that allows suit in the county where a substantial part of the events creating the claim occurred or the county where the entity had its principal place of business. This is the new default venue rule of Ark. Code Ann. § 16-55-213 (Repl. 2005). David Newbern & John J. Watkins, *Arkansas Civil Practice and Procedure* § 9:1 (4th ed. 2006). Unlike the corporate venue statute at work in this case, the new statute looks back with words in the past tense — where the critical events "occurred" and where the entity "had" its business. But this provision does not apply to the Association's claim because that claim arose in October 2002, a few months before the March 2003 effective date of the new default venue rule. Civil Justice Reform Act, § 25, 2003 Ark. Acts 2130, 2144 (codified at Ark. Code Ann. § 16-55-220). Applying the law in effect when the Association's claim accrued, we hold that the circuit court erred as a matter of law by fixing venue in Garland County pursuant to § 16-60-104.

3. We may affirm on any basis supported by the record. And the Association argues that venue was also properly laid in Garland County pursuant to Ark. Code Ann. § 16-60-113(a) (Repl. 2005). This statute governs cases alleging damage to personal property by any wrongful act arising from contract, tort, or conversion. This issue presents a closer question. We are persuaded, however, that the Association's complaint did not allege physical damage to tangible personal property sufficient to bring the case within reach of this statute.

The Association pleaded its case as one for breach of the parties' contract. The Waynes did not keep their promises, the Association alleged, to pay all the utility bills and pay for any shortages in smallwares when the lease expired. The Association sought those payments, and its attorney's fees for having to pursue these alleged breaches, pursuant to the parties' lease. The Association did not allege any physical damage to the missing smallwares or any other personal property. The Association did not allege any physical damage to tangible personal property resulting from the Waynes' alleged failure to pay all the utility bills. *Compare Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111,

115-16, 971 S.W.2d 234, 236-37 (1998) (sustaining venue under this statute where the complaint alleged damage to personal property).

We must discern the real character of the Association's action from its complaint. *Atkins Pickle Co., Inc. v. Burrough-Uerling-Brasuell Consulting Eng'rs, Inc.*, 275 Ark. 135, 138-39, 628 S.W.2d 9, 11 (1982). The claim was for breach, with all the attendant obligations of proof: the parties made a contract; the Waynes are in breach; and some damage occurred. As the Association argues, Ark. Code Ann. § 16-60-113(a) speaks of suits for damage arising from many sources, including contracts, to personal property. The right to have utility bills paid is not tangible personal property. Putting those bills to one side, it is possible to say that the Association's smallwares were damaged from the Waynes' alleged breach of contract. The Association makes this point with vigor; loss, it says, is damage. This interpretation, however, would stretch this statute to cover economic losses of almost any kind. The supreme court has been clear and consistent in strictly construing this provision against the reading the Association urges.

Our supreme court has repeatedly rejected venue under § 16-60-113(a) for economic losses in the absence of allegations of physical damage to tangible personal property. In *Wilson-Pugh, Inc. v. Taylor*, 289 Ark. 102, 709 S.W.2d 93 (1986), the court unanimously rejected venue under this statute in a case alleging a conversion of a security interest in crops. That interest is intangible. And it is similar to the Association's right to be reimbursed for missing smallwares. Writing for another unanimous court in *Premium Aircraft Parts*, Justice Imber reviewed the history of this statute, the legislation expanding its reach, and our courts' strict interpretations of it. 347 Ark. at 981-84, 69 S.W.3d at 851-54. There the plaintiff alleged misappropriation of vendor and customer lists by a former employee and sought compensatory damages. 347 Ark. at 985, 69 S.W.3d at 854. Like the Association's smallwares, those lists were tangible things allegedly taken from one party by another party. Yet the supreme court had no difficulty sustaining the objection to venue laid under § 16-60-113.

Here, the Association did not plead any physical damage to its smallwares, but instead simply sought to hold the Waynes to their promise to pay for the shortage when the lease ended. In the old terms, the Association alleged a transitory cause of action, not a local one. *Atkins*, 275 Ark. at 138-39, 628 S.W.2d at 11. This

contract dispute belonged in Saline County where JB Wayne, Inc., and Mr. and Mrs. Wayne, were located at the time of suit and where the Association served all the defendants. We therefore reverse the judgment and remand to the circuit court to dismiss the complaint and the counterclaim without prejudice.

HART and HEFFLEY, JJ., agree.